FULLERTON, C. J., and MOUNT, ANDERS and. DUNBAR JJ., concur.

---

[No. 4621.   Decided July 27, 1903.]

HUGH A. TAIT, *as Receiver of the Bay Lumber & Shingle Company, Appellant,* v. WILLIAM PIGOTT, *Respondent.*

CORPORATIONS — CAPITAL STOCK — REDUCTION — PURCHASE FROM STOCKHOLDER.

A complaint by the receiver of a corporation alleging that the defendant, a stockholder, sold his stock to the corporation and received $834.50 therefor out of its assets, that the corporation thereby attempted to reduce its capital stock contrary to the law, and that the corporation is now insolvent, and has no assets to pay its creditors, states a cause of action against the stockholder, under Bal. Code, § 4265, providing that it is unlawful to pay any part of the capital stock to the stockholders.

SAME.

It is immaterial that the corporation was solvent at the time of the purchase, if it has since become insolvent.

SAME.

The capital stock of a corporation is a trust fund for the payment of its debts, upon the faith of which the law presumes credit to have been given.

Appeal from Superior Court, King County.—Hon. GEORGE E. MORRIS, Judge.   Reversed.

*Byers & Byers,* for appellant.

*Ballinger, Ronald & Battle* and *Ira Bronson,* for respondent.

The opinion of the court was delivered by

HADLEY, J.—Appellant, as receiver of the Bay Lumber and Shingle Company, a corporation organized under the laws of Washington, brought this action against respondent. The second amended complaint in substance avers that on November 26, 1899, the respondent was both a stockholder and trustee in said corporation, and that on said date he sold his stock in the company to the company itself, and received therefor from the corporation, out of its assets, the sum of $834.50; that the corporation thereby attempted to reduce its capital stock, contrary to law; that at said time the corporation was indebted to divers persons, which indebtedness has not yet been paid, and claims therefor have been presented to appellant as receiver; that the purchase of said stock was to the prejudice of the creditors of the corporation, in that the creditors have not been paid; that the corporation was insolvent at the time this action was commenced, and the receiver has now no funds in his hands with which to pay its debts. Judgment is demanded against respondent in the sum he received from the corporation for his stock. Respondent demurred generally to the second amended complaint, and the demurrer was sustained. Appellant elected to stand upon said pleading, and refused to plead further. Whereupon the court entered judgment that appellant shall take nothing by his action, and that respondent shall recover costs. This appeal is from said judgment.

The only error assigned is that the court sustained the demurrer and entered judgment against appellant. Respondent insists that the complaint does not allege that the money which was paid him for his stock was a part of the capital stock, and that no allegation nega-

tives the fact that the payment may have been made from the surplus earnings. The averment, in exact words, is: "He sold his stock in said company to the company, and received therefor from the company out of its assets the sum of $834.50, and the said corporation thereby attempted to reduce its capital stock contrary to law." Respondent urges that the allegation does not state that the capital stock was reduced, but that only an attempt was made to reduce it. The allegation goes further, and says that the corporation did a certain thing; in other words, completed an act, and thereby attempted to reduce its capital stock. The averment is in effect the equivalent of saying that the corporation intended by what it did to reduce the capital stock, but that what was so intended amounted only to an attempt, because it was contrary to law. Sections 4271, 4272 and 4273, Bal. Code, provide a method by which corporations may diminish their capital stock. The method alleged in the complaint is not the one provided by statute, and therefore, as alleged, was no more than an attempt to reduce the capital stock. But although it was, in law, only an attempt, yet a certain thing was accomplished. The corporation parted with its money and the respondent has it. Shall the accomplished act which was intended to reduce the capital stock be permitted to stand, as against the rights of creditors, notwithstanding the fact that it was contrary to law? Since the complaint alleges in effect that by the purchase of respondent's stock the corporation intended to reduce its capital stock, it follows that the stock was purchased with the intention of cancelling and retiring it, and that it was not intended to re-issue it to other stockholders. The result was a reduction of the amount of the capital stock funds in the

hands of the corporation by the payment of a portion thereof to a stockholder.   Such a result is directly contrary to the provisions of § 4265, Bal. Code, which make it unlawful to "in any way pay to the stockholders, or any of them, any part of the capital stock of the company."   It is alleged that creditors held indebtedness against the corporation at the time respondent was paid this money, that the claims are still unpaid, and that the holding of such money by respondent is to their prejudice, since the corporation is now insolvent.  It is not alleged that the company was insolvent at the time the transaction occurred, but we think that is immaterial, since the thing which was unlawfully done reduced the available resources of a now insolvent company, and, if such reduction had not been made, the amount thereof should now be on hand for the benefit of creditors.

In *Barto v. Nix,* 15 Wash. 563 (46 Pac. 1033); a bank accepted the stock of a stockholder in payment of his indebtedness to the bank.   It appears that this was done in order to protect the bank from loss, and that it was the intention to re-issue the stock.   This court upheld the transaction on the ground that it was a *bona fide* one for the purpose of protecting the corporation from loss.   But the stock was re-issued to other stockholders, and no reduction of the capital stock  resulted from the transaction.   The court observed in that case, at pages 568 and 569, that:

"It may be conceded that a corporation in this state cannot traffic in its own stock.   Such we believe to be the rule established in all the states having similar statutory provisions.   But it does not follow that it may not receive such stock in payment of the indebtedness of one of its stockholders, when such transaction is *bona fide* and for the purpose of protecting the corporation from loss."

No such conditions as existed in *Barto v. Nix, supra,* are shown by the complaint in the case at bar. Respondent was not indebted to the corporation, but he received cash for the surrender of his stock; and, as we have seen, the effect of the allegations is such that the corporation did not receive the stock, intending to re-issue it on the payment of cash or the delivery of obligations equivalent thereto by other stockholders. The capital stock of a corporation is a trust fund for the payment of its debts, upon the faith of which the law presumes the credit was given, unless other security was taken at the time by the creditor. *Reid v. Eatonton Mfg. Co.,* 40 Ga. 98 (2 Am. Rep. 563); *Wood v. Dummer,* 3 Mason, 308; *Sanger v. Upton,* 91 U. S. 56; *Clapp v. Peterson,* 104 Ill. 26. In the last named case it was held that in Illinois a corporation may purchase its own stock in exchange for money or other property of equal value, and may hold, re-issue, or retire the same, if it is done in good faith, and if the corporation is not insolvent or in process of dissolution, or if the rights of creditors are not affected thereby. No element of bad faith was involved, but it was held that, inasmuch as the purchase by the corporation of the stock in question injuriously affected the interests of creditors, it could not be upheld. To the same effect is *Hall v. Henderson,* 126 Ala. 449 (28 South. 531, 85 Am. St. Rep. 53), where it was also held that it was immaterial whether the corporation was insolvent or not at the time it purchased the stock, since the payment to the stockholder was in effect a gift by the corporation which impaired its ability to pay its debts, and was fraudulent as to creditors. See, also, *Hamor v. Taylor-Rice Engineering Co.,* 84 Fed. 392. The complaint in the case at bar alleges that the rights of credi-

tors were injuriously affected, and further facts alleged show that such was the case within the rule of the above authorities. For all the reasons hereinbefore stated, we think the complaint stated such a case as requires respondent to return to the corporation the money he received from it, that it may be available for the benefit of creditors.

It follows that the demurrer should have been overruled. The judgment is reversed and the cause remanded, with instructions to the lower court to overrule the demurrer.

FULLERTON, C. J., and ANDERS, MOUNT and DUNBAR, JJ., concur.