[No. 5322.   Decided March 31, 1905.]

HUGH A. TAIT, *as Receiver of the Bay Lumber & Shingle Company, Respondent,* v. WILLIAM PIGOTT, *Appellant.*[1]

CORPORATIONS—STOCKHOLDERS—WRONGFULLY REDUCING CAPITAL STOCK—SOLVENCY OF CORPORATION. In an action in behalf of creditors of a corporation to recover from a stockholder money wrongfully paid to him by the corporation for his stock, it is immaterial that the corporation was at the time solvent, since the statute makes it unlawful to reduce the capital stock in such manner; and such a defense is properly struck out of the answer.

SAME—ACTION AGAINST STOCKHOLDER—DEFENSES—PLEADING— ANSWER—INCONSISTENCY—CREDITOR'S WAIVER OF RIGHT TO ASSETS. In an action in behalf of creditors of a corporation to recover from a stockholder money wrongfully paid to him by the corporation for his stock, an answer alleging that existing creditors had waived their rights to the assets is properly struck out where it is inconsistent with a denial of the indebtedness, and where it does not appear that subsequent creditors had waived their rights to all the assets of the corporation.

SAME—STOCKHOLDER RECEIVING ASSETS—SALE OF STOCK TO CORPORATION—RECEIVER'S ACTION FOR BENEFIT OF CREDITORS—ALLOWANCE OF CLAIMS. The receiver of a corporation may recover for the benefit of creditors the amount paid to a stockholder, who sold his stock to the president of the corporation knowing that he received in payment the property of the corporation, where thereafter the corporation became insolvent and there are no funds to pay the creditors, although the court did not expressly find that there were any allowable claims against the corporation.

Appeal from a judgment of the superior court for King county, Morris, J., entered April 21, 1904, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action by a receiver to recover assets wrongfully paid to a stockholder.   Affirmed.

*Ballinger, Ronald & Battle,* for appellant.

*Byers & Byers,* for respondent.

[1] Reported in 80 Pac. 172.

DUNBAR, J.—The second amended complaint alleges, in substance, that plaintiff is the duly appointed and acting receiver of the Bay Lumber & Shingle Company, a corporation; that, on or about November 26, 1899, the defendant was one of the trustees and stockholders of the Bay Lumber & Shingle Company, and that on said date he sold his stock in said company to the company, and received therefor, from the said company, out of its assets, the sum of $834.50, and the said corporation thereby attempted to reduce its capital stock contrary to law; that the corporation was indebted to divers and sundry persons; that such indebtedness has never been paid, and claims have been filed therefor, and that such sale was to the prejudice of the creditors of said company, in that they were not paid, and that said transaction was void, contrary to the statute of the state of Washington, and an unlawful appropriation of the assets of said corporation; that the company at the time of the commencement of the action was insolvent, and that the receiver had, at the time of the commencement of the action, no funds in his hands to pay claims against said company, and that claims have been presented; that demand had been made for the money from the defendant, and refused. Judgment was demanded in the sum of $834.50.

A demurrer to this complaint was interposed, on the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was sustained by the lower court, and the plaintiff electing to stand on his complaint, judgment was entered, and appeal taken to this court. The disposition of the cause was reported in 32 Wash. at page 344, 73 Pac. 364, where it was held that the complaint stated a cause of action, and the cause was remanded with instructions to overrule the demurrer.

Upon the retrial of the cause, the defendant answered,

denying certain things for want of information, and denying that he sold his stock in said company to the company but alleging that he sold it to an individual; also denying that the corporation was indebted to divers and sundry persons. For a first affirmative answer, he alleged that, during the year 1899, in the ordinary course of business between individuals, he sold, assigned, transferred, and delivered the stock owned by him in said corporation to a private individual, for value, and not to the corporation; that, at the time of said sale, transfer, and delivery, there was in the possession of the officers of said corporation money and property sufficient in value to pay the indebtedness against said company, existing at the time of such sale, transfer, and delivery; and that at no time since said sale has he exercised any right or authority in said corporation, as an officer or otherwise, or participated in the management thereof in any respect or particular. For a second affirmative defense, he alleged that all those creditors of said corporation who were such at the time of the sale and transfer by this defendant of his stock and interest in said corporation, as aforesaid, fully knew and understood that said corporation at said time was solvent and able to pay its debts, and that such creditors, as this defendant is informed and believes, stated to said corporation and its officers that their said claims need not be paid at said time, and agreed that the same might be met and paid at some subsequent time, and that the corporation should use the money for other purposes.

The plaintiff moved the court to strike from the answer of the defendant all that portion of the first paragraph of the first affirmative defense after the word "corporation," in the fourth line of said paragraph, for the reason that said portion was irrelevant, redundant, and frivolous; and, also, to strike the second further and affirmative defense, for the same reason; which motion was sustained.

The case went to trial upon the issues made, and the court found, on the disputed propositions, that J. M. Donahue, the man to whom the defendant alleges he sold the stock, was president of the company, and entered into negotiations for the purchase of defendant's stock; that the purchase by him was the purchase of the company, and was paid for by the company's check, drawn on the company's funds, and that defendant received therefor the sum of $834.50, the purchase price of said stock so agreed upon; that, at the time of said purchase, said company was indebted to certain persons, but that said company was wholly solvent; but that thereafter said company became insolvent; that because of the insolvency of said company, there are not, nor have there been, any funds in the hands of the plaintiff receiver with which to pay any claims presented to him as such receiver, and that the receiver has never taken any action upon such claims; that payment was demanded and refused; and, as a conclusion of law, that the plaintiff was entitled to a judgment for the amount asked. These findings were, in the main, excepted to, and other findings proposed by the defendant, which were refused by the court.

The first error alleged is the action of the court in sustaining the motion to strike the affirmative defense above set forth. As to the first affirmative defense, viz., that, at the time of the sale, there was in the possesssion of the officers of the corporation money and property sufficient in value to pay the indebtedness against said company existing at the time of such sale, that question was decided by this court when the cause was here before, when it was said:

"It is not alleged that the company was insolvent at the time the transaction occurred, but we think that is immaterial, since the thing which was unlawfully done reduced the available resources of a now insolvent company, and

if such reduction had not been made, the amount thereof should now be on hand for the benefit of creditors."

The court, in that case, after reviewing the complaint, stated that the corporation could not reduce its capital stock in the manner which it attempted to do in this case, under Bal. Code, § 4265, providing that it is unlawful to pay any part of the capital stock to the stockholders; and that it could only be reduced in the manner provided by Bal. Code, §§ 4271, 4272, and 4273, which provide a method by which corporations may diminish their capital stock.

As to the second paragraph of the second affirmative defense, viz., that the creditors agreed to have the payment of their credits postponed, in addition to the fact that this allegation is inconsistent with allegation three of the answer—which is a denial that at said time said corporation was indebted to divers and sundry persons—it does not appear that subsequent creditors had waived their rights to all the assets of the corporation, even conceding —which we do not now decide—that, under the allegations of the answer, the creditors then existing had so waived their rights. This proposition we think was, also, in effect, decided in the former case.

It is insisted by the appellant that the court does not find that the corporation was indebted, but merely that claims had been presented to the receiver, and that, inasmuch as no action had been taken thereon, all the claims so presented by the receiver might be by him rejected; and that the courts will not enforce liability upon the part of the defendant, even though such liability exist, for the benefit of creditors. But it seems to us that this suggestion is hypercritical, and that the finding that the company was insolvent was, in effect, a finding that there were claims against the company which would be

allowed by the receiver. The court also finds that, because of the insolvency of said company, there are not, nor have there been, any funds in the hands of the plaintiff receiver to pay any of the claims presented to him as such receiver. We are not inclined to disturb the finding of the court on the questions of fact. It is undoubtedly true, whatever may have been the information which Mr. Pigott had regarding Mr. Donahue's relations with the corporation, that he knew he was dealing with the president of the corporation, and that the check which he got in payment for his stock was the property of the corporation. In any event, there is no question that the money which he received was the money of the corporation, and, this being established, the judgment of the court that he should return it to the corporation is sustained by the law.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.