[No. 10984.   Department One.   April 8, 1913.]

UNION TRUST AND SAVINGS BANK, *Appellant*, v. BENJAMIN E. AMERY, *Respondent*.[1]

CORPORATIONS — CAPITAL STOCK — UNLAWFUL REDUCTION — BANK-RUPTCY—ACTION BY TRUSTEE.   A trustee in bankruptcy of an insolvent corporation may recover money paid out by the corporation in the purchase of its stock, if any creditor was injured thereby, whether the corporation was solvent or not at the time of the transaction.

CORPORATIONS—CAPITAL STOCK—REDUCTION IN FRAUD OF CREDITORS —ACTION TO RECOVER—INSTRUCTIONS.   In an action by a creditor of an insolvent corporation to recover money unlawfully paid by the company for its capital stock, it is error to instruct the jury that if defendant sold the stock to the company and knew he was selling it to the company he would be liable, otherwise not; since his knowledge or good or bad faith was immaterial in case the corporation paid out money for its capital stock to the prejudice of creditors (MOUNT and PARKER, JJ., dissenting).

SAME—QUESTION FOR JURY.   In such a case, the plaintiff is not entitled to a directed verdict, where there was a question of fact for the jury as to whether the stock was sold to and paid for by another instead of the corporation.

Appeal from a judgment of the superior court for Spokane county, Yakey, J., entered June 24, 1912, upon the verdict of a jury rendered in favor of the defendant, in an action for money paid.   Reversed.

*Campbell & Goodwin*, for appellant.

*H. M. Stephens*, for respondent.

GOSE, J.—The plaintiff, as a trustee in bankruptcy for the estate of Syphers Machinery Company, a corporation, brought this action for the purpose of recovering from the defendant $5,500, paid to him by the bankrupt corporation for 5,500 shares of its capital stock, alleging that he sold the stock to it prior to the time it was adjudged a bankrupt;

[1]Reported in 131 Pac. 199.

and that it thereby attempted to, and did, reduce its capital stock. A demurrer to the complaint was sustained and, upon appeal, the judgment was reversed. *Union Trust Co. v. Amery,* 67 Wash. 1, 120 Pac. 539.

A reference may be had to this case for a fuller statement of the allegations of the complaint. Thereafter, issue being joined, the case was tried to a jury, terminating in a verdict for the defendant. The plaintiff's motion for a judgment *non obstante,* or in the alternative for a new trial, was denied, and a judgment was entered for the defendant, from which the plaintiff prosecutes this appeal.

The appeal presents two questions: (1) Was the appellant entitled to a directed verdict, and (2) was the jury correctly instructed. These questions will be considered in the inverse order.

The only question for the jury to determine was, Did the corporation purchase the 5,500 shares of stock, or any part of it, and pay for it from its funds. If it did, and any creditor existing or subsequent was injured thereby, the money so paid may be recovered in this action. *Union Trust Co. v. Amery, supra.* In that case, after a reference to the provisions of our statute, we said:

"It follows, therefore, that, where the capital stock has not been diminished in compliance with the statute, the original articles of incorporation operate as a continuing representation on behalf of the corporation that its capital stock is unimpaired, and that the impairment of its capital stock in any other manner is a fraud upon its creditors, both as to the corporation and all others who participate in or profit by such an act."

In *Tait v. Pigott,* 32 Wash. 344, 73 Pac. 364, the court said:

"It is not alleged that the company was insolvent at the time the transaction occurred, but we think that is immaterial, since the thing which was unlawfully done reduced the available resources of a now insolvent company, and, if such re-

duction had not been made, the amount thereof should now be on hand for the benefit of creditors."

The respondent alleged and contended that he sold the stock to one W. H. Gray. The court instructed:

"And if you find that he did sell it [the stock] to the Syphers Machinery Company, and that he knew that he was selling it to the Syphers Machinery Company, the defendant will be liable; otherwise he will not."

This was error. The question is, what was actually done; not what the respondent thought, believed, or intended. The elements of knowledge and the good or bad faith of the respondent created a false issue. If the corporation paid any sum of money to the respondent in the purchase of any part of its capital stock on its own behalf to the prejudice of a creditor, it did the very thing the statute was designed to interdict, and such money is a part of its capital stock and a trust fund of the bankrupt.

Recurring to the first error assigned, i. e., the right of the appellant to a directed verdict, it suffices to say that the burden of proving the sale to the corporation devolved upon the appellant. If the stock was sold to Gray and paid for by him, as the respondent contends, the appellant cannot recover, and if Gray purchased and paid for a portion of it, the appellant cannot recover for that portion. It is not a question of bookkeeping, but a question of fact. From an examination of the entire record, we do not feel warranted in saying that there was no question of fact for the jury.

The judgment is reversed, with directions to grant a new trial in harmony with this opinion.

Crow, C. J., and Chadwick, J., concur.

Mount and Parker, JJ., (dissenting)—We think the instruction was right, and therefore dissent.