[No. 17857. Department Two. September 13, 1923.]

DAVIS & BANKER, INCORPORATED, *doing business under the name and style of Methow Valley Transportation Company, Appellant,* v. G. E. NICKELL *et al., Respondents.*[1]

CARRIERS (4)—INJUNCTION (38)—FRANCHISES—PERSONAL RIGHTS —INTERFERENCE WITH BUSINESS. A carrier to whom has been granted an exclusive certificate of public necessity to carry passengers over a certain highway, under Rem. Comp. Stat., § 6387, is entitled to protection by way of injunction against a concern carrying mail and operating trucks which repeatedly picked up and carried passengers between the fixed termini of plaintiff's route, even where no charge was made therefor, where it appears that such gratuitous service was performed for the purpose of injuring plaintiff's business (PEMBERTON, J., dissents).

Appeal from a judgment of the superior court for Okanogan county, Carey, J., entered August 23, 1922, dismissing an action for an injunction, after a trial to the court. Reversed.

*P. D. Smith,* for appellant.

TOLMAN, J.—Appellant is operating a freight and passenger stage line on state highway No. 12, between Pateros and Winthrop, in Okanogan county, under a certificate of convenience and necessity duly issued to it by the board of public works. It has filed and posted its schedules and apparently complied with the law and with the regulations of the board in all respects. By its complaint in this action it charges:

"That for the purpose of injuring and damaging the plaintiff the defendants have, without any authority of law whatever, ever since the 9th day of June, 1921, been carrying passengers between said towns of Winthrop and Pateros pretending to do so without charge or remuneration and they have, between the 9th day

[1]Reported in 218 Pac. 198.

of June, 1921, and the 1st day of July, 1922, injured and damaged the plaintiff by the hauling of passengers to the extent of $20 per week, aggregating the sum of $1,100, and since the first day of July, 1922, the defendants have injured and damaged the plaintiff by hauling passengers to the extent of $15 per day, aggregating the sum of $420.

"That the defendants have ever since the 9th day of June, 1921, been operating cars and vehicles on said State Highway No. 12, between said terminal points of Winthrop and Pateros, for the purpose of hauling passengers and for the express purpose of injuring and damaging the plaintiff, and unless restrained and enjoined by the order of this court they will continue to do so, to the great injury and damage of the plaintiff, and for which it has no plain, speedy and adequate remedy at law."

All of which is denied by answer. Upon the trial below, abundant testimony was introduced to the effect that the defendants, who had a certificate of convenience and necessity for transporting freight only over the same route, had, for a year prior to the taking effect of the transportation act of 1921 (ch. 111, Laws of 1921, p. 338) [Rem. Comp. Stat., § 6387], and ever since, operated a truck twice a week over the entire route; that later a second truck was added, and the trips were more frequent, and about July 1, 1922, they began to operate in addition a Dodge touring car for carrying the mail, and that, by each and all of these conveyances, they habitually carried passengers, sometimes one, and sometimes as many as four or five, and but seldom did any of their vehicles make the trip without carrying a passenger. There is also evidence that some soliciting of passengers was done by and on behalf of the defendants, and one witness testified to certain statements made by one of the defendants which strongly indicates a settled purpose to thus injure the plaintiff's business. As against this the

testimony on behalf of the defendants denied nothing of that which we have referred to, but admitted the carrying of anyone who asked, denied ever having made any charge or having received any compensation therefor, and asserted that it was their purpose at any and all times to carry anyone, friend or stranger, who desired to be carried, as an accommodation only.

The trial court seems to have been of the opinion that the defendants were not engaged in transporting passengers for hire, were therefore not violating the terms of the transportation act, and that the plaintiff was entitled to no relief. From a judgment denying injunctive relief and dismissing the action, the plaintiff has appealed.

The purpose of the transportation act is to permit the establishment of regular and dependable service wherever public necessity and convenience requires. No adequate service can be given without proper equipment, and, as appears here, appellant has invested upwards of $20,000 in equipment to enable it to properly serve the public on this route. An income must be earned which will cover operating costs and depreciation and give some return on the investment or the service cannot be long continued. In the case of *Public Utilities Commission of Utah v. Garviloch*, 54 Utah 406, 181 Pac. 272, the supreme court of Utah said:

"The granting of a certificate of convenience and necessity by the commission to Chandler, therefore, was in the nature of a limited franchise which authorized him to operate his automobile stage line over the route designated in the certificate for the time and under the conditions therein specified. The certificate, therefore, not only confers authority to operate the stage line, but it necessarily also affords him protection against any one who unlawfully interferes with the right thereby conferred. If such is not the legal effect of the certificate, then the operation of utilities may

easily become detrimental rather than beneficial to the public and thus result in a farce.''

This case was referred to with approval in *State ex rel. Seattle & Rainier Valley R. Co. v. Superior Court,* 123 Wash. 116, 212 Pac. 259.

There can be no question but that, if respondents were shown to be collecting fares from the passengers transported, their acts would be an unlawful interference with the rights of appellant (*Puget Sound Traction, Light & Power Co. v. Grassmeyer,* 102 Wash. 482, 173 Pac. 504, L. R. A. 1918F 469), but is not the true test not whether the unlicensed operator is deriving a profit, but whether his acts are necessarily a direct injury to the certificate holder? We think so, and we are not without authority to sustain this view (*Norris v. Farmers' & Teamsters Co.,* 6 Cal. 590; *Vallejo Ferry Co. v. Solano Aquatic Club,* 165 Cal. 255, 131 Pac. 864, Ann. Cas. 1914C 1197); nor is there any intimation in the *Grassmeyer* case, *supra,* that a different rule would have been applied if the competing service had been free of charge.

By what we have already said we do not mean in any sense to condemn and outlaw neighborly acts, even though frequently indulged in, and if it appeared that respondents did nothing more than to offer to and carry passengers overtaken on the highway, even if habitually done, we would not interfere. But as we read the testimony here, respondents constantly picked up passengers at both termini and at way stations in such a way and under such conditions that, in the absence of further explanation, the conclusion that it was done for the purpose of injuring the appellant's business seems unescapable. We conclude, therefore, that appellant was entitled to an injunction to the extent herein indicated.

Reversed and remanded for further proceedings in accordance with the views herein expressed.

MAIN, C. J., PARKER, and FULLERTON, JJ., concur.

PEMBERTON, J., dissents.