[No. 18231.  Department One.  January 31, 1924.]

# W. A. DAVIS et al., Appellants, v. WILLIAM MACKAY, Respondent.[1]

CARRIERS (3-2)—REGULATION—STATUTES—CERTIFICATE OF PUBLIC NECESSITY. The owner of a warehouse operating trucks for his own business will be enjoined from carrying freight for others between points for which another has been granted a certificate of public necessity.

SAME (4). Rem. Comp. Stat., § 6387, providing that a certificate of public necessity is not necessary for vehicles operated exclusively in transporting dairy products to market, does not authorize one so engaged to carry back freight on the return trip without the certificate.

Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered April 26, 1923, dismissing an action for an injunction, after a trial to the court.  Reversed.

*Gus L. Thacker,* for appellants.

*Hayden, Langhorne & Metzger,* for respondent.

MAIN, C. J.—In this action the appellants are seeking to protect the same certificate of public necessity and convenience that they were in the case of *Davis v. Clevenger,* 127 Wash. 136, 219 Pac. 845.  The respondent is the owner of a general merchandise store at Randle, situated on the highway over which the appellants operate their automobile and trucks.

The respondent owns two trucks which he uses in connection with his business, and the testimony shows that he has been in the habit of carrying for hire merchandise and freight for various persons living between the railroad station at Morton and his place of business.  Some of these carriages were made, as the

[1]Reported in 222 Pac. 491.

respondent claims, under special contract and he therefore relies on the decision of *Carlsen v. Cooney,* 123 Wash. 441, 212 Pac. 575. But the evidence shows that there was here an apparent effort to engage in the carrying of freight whenever convenient and profitable.

As we said in *Davis v. Clevenger, supra,* "To a large extent, each one of these cases must rest upon its particular facts . . . ." An examination of the record shows that there has been such an interference by the respondent with the appellants' franchise that future conduct of a similar nature should be restrained.

The respondent contends that, as to a portion of the freight carried by him, he comes within the exception in Laws of 1921, p. 339, § 1, subd. (d), Rem. Comp. Stat., § 6387 [P. C. § 234-3], providing that the certificate of public convenience and necessity is not necessary for one operating vehicles "exclusively in transporting . . . dairy . . . products from the point of production to the market, . . ." the respondent claiming that he was carrying from Randle to the railroad station at Morton, milk and cream produced in dairies surrounding Randle. The statute, of course, does not provide that it is necessary to have a certificate of convenience and necessity to do this, but the fact that he was allowed to do this trucking without a certificate does not render the trucks engaged in it usable for the carrying of freight from the station at Morton back to Randle without the certificate.

For the reason stated the judgment is reversed and the superior court is directed to enter an order restraining the respondent from carrying freight in competition with the appellants.

TOLMAN, MACKINTOSH, PARKER, and HOLCOMB, JJ., concur.