[No. 18526.  Department One.  October 7, 1924.]

DAVIS & BANKER, INCORPORATED, *doing business under the name and style of Methow Valley Transportation Company, Appellant*, v. RALPH METCALF, *Respondent*.[1]

CARRIERS (4)—REGULATION—CERTIFICATE OF PUBLIC NECESSITY—RIGHTS OF PRIVATE CARRIERS—STATUTES—CONSTRUCTION. A certificate of public necessity granting a carrier the exclusive right to operate a freight and passenger stage line between certain points, under Rem. Comp. Stat., § 6386, does not prevent a creamery company from employing a truck owner to carry its freight between such points, where such truck owner devotes all his time to the creamery company and does not carry freight for any other person.

Appeal from a judgment of the superior court for Okanogan county, Neal, J., entered January 4, 1923, dismissing an action for an injunction, tried to the court. Affirmed.

*P. D. Smith,* for appellant.

*Roy A. Redfield,* for respondent.

HOLCOMB, J.—Appellant is the holder of a certificate of necessity and convenience therefor, and operates a freight and passenger stage line on the state highway between Pateros and Winthrop, Washington.

The town of Twisp is located on this highway between termini, and is one of appellant's stops. The Mutual Creamery Company maintains a cream station at Twisp, and there purchases and receives from numerous farmers in the vicinity eggs and cream products. Respondent acts as agent for the creamery company in purchasing this merchandise, and receives a commission on the amount of butterfat purchased. He also has another contract with the creamery company

[1] Reported in 229 Pac. 2.

under which he transports eggs and cream for the creamery company from Twisp to Pateros over this highway, making from three to five trips per week, and is paid therefor a stipulated sum per can of cream transported. For this purpose he purchased and operates a Ford truck.

In this action to enjoin respondent from operating this motor vehicle over the route stated, and for damages, respondent made two contentions in the court below: (1) that he was not within the statute requiring him to procure a certificate of convenience and necessity; and (2) that he was protected under his contract with the creamery company, claiming indemnity under the constitutional provision guaranteeing liberty of contract.

Appellant contends that this case falls within the principle of *Davis & Banker v. Nickell,* 126 Wash. 421, 218 Pac. 198, and distinguishes it from the case of *Carlsen v. Cooney,* 123 Wash. 441, 212 Pac. 575.

Originally, respondent was merely the buying agent for the creamery company and purchased and received merchandise for it and caused it to be forwarded from Twisp to Pateros, where it would be shipped to the place of business of the creamery company in Seattle. Manifestly, the merchandise is of a perishable nature and requires prompt handling. It is necessary, according to the evidence, that the milk and cream be shipped three or four times a week, the frequency of the shipments depending upon the rapidity of accumulation at the receiving station at Twisp. Respondent gives all his time to the creamery company's business and has no other occupation. He hauls the merchandise of the creamery company which he has received at the receiving station at Twisp to Pateros for so

much per can. He never hauls for other persons nor carries passengers, nor has he threatened so to do. The additional contract between himself and the creamery company, after various recitals, provides that respondent shall transport all the dairy products, eggs and other farm products purchased by the creamery company at Twisp to the Great Northern Railway Company's station at Pateros, and names the consideration therefor; the contract is for one year from the date thereof; respondent agrees to return all empty cream cans and egg crates to Twisp without additional charge; respondent agrees to haul the produce so as not to permit it to remain at the Twisp assembling station over three days after assembling. There are other provisions immaterial here.

In the *Cooney* case, *supra,* we held that the hauling of a single special lot of goods (in the printed report it was misprinted; "Load" should read "Lot") without obtaining a certificate of public necessity is not prohibited by Rem. Comp. Stat., § 6386 *et seq.* [P. C. § 239], regulating motor vehicle transportation for hire, and discussed the theory and purpose of the act.

In the *Nickell* case, *supra,* we held that a concern carrying mail and operating trucks which repeatedly picked up and carried passengers between the fixed termini of plaintiff's route, even where no charges were made therefor, where it appeared that such gratuitous service was performed for the purpose of injuring plaintiff's business, should be enjoined.

There are no such circumstances here.

In *Davis v. Clevinger,* 127 Wash. 136, 219 Pac. 845, we held that one not having a certificate of convenience and necessity who habitually carried varying amounts of freight for different persons living along

the route, for which, in at least a majority of instances, he received pay, and frequently carried passengers who, in many cases, paid for the service, should be enjoined. We there said:

"One special contract would not be sufficient to entitle the owner of a certificate to enjoin the person making that contract from performing, but if those contracts became so numerous as to show that they were infringing upon the certificate holder's franchise, and that they were not casually done, the courts would interfere. To a large extent, each one of these cases must rest upon its particular facts.        .        .        ."

In *Davis v. MacKay,* 128 Wash. 333, 222 Pac. 491, we held that where one owning two trucks used in connection with his business had been in the habit of carrying for hire merchandise and freight for various persons living between the railroad station and his place of business, some of the carriages being made on special contract and others not, evidenced an intention to engage in the business of carrying freight whenever convenient and profitable and interfered with the business of the certificate holder; that it should be enjoined.

Those are not the circumstances here.

In short, and without entering into a detailed discussion of the law or its purpose, we do not believe that it was the intention of the legislature, and if it were, we think this court should be slow to hold, that the statute was intended to enable one to obtain and hold such an exclusive monopoly for the carriage of passengers and merchandise over the public highways of the state as to exclude the owners thereof from carrying themselves or their goods or property, either personally, or by agent, or by an independent contract.

In this case respondent is carrying the goods of the creamery company alone, and in no way holding himself out to the public as a carrier of passengers or

freight.   The case is one similar in principle, at least, to *Carlsen v. Cooney, supra.*

The judgment is affirmed.

MAIN, C. J., TOLMAN, PARKER, and MACKINTOSH, JJ., concur.