[No. 20581.    Department One.    July 29, 1927.]

SPOKANE NORTHWEST AUTO FREIGHT, *Appellant*, v.
E. J. TEDROW, *Respondent.*[1]

[1] CARRIERS (3-4)—REGULATION—CERTIFICATE OF PUBLIC NECESSITY
—APPEAL.  In the absence of any statement of facts, it cannot
be said that a certificate of public convenience and necessity for
a freight route, is unwarranted in excepting the transportation
of agricultural and farm products, following the language of
Rem. Comp. Stat., § 6387, which provides that a certificate is not
necessary for the transportation of such products.

Appeal from a judgment of the superior court for
Spokane county, Lindsley, J., entered October 25,
1926, upon findings in favor of the defendant, in an
action for an injunction, tried to the court.  Affirmed.

*Anthony W. Dolphin*, for appellant.

*James A. Brown*, for respondent.

MACKINTOSH, C. J.—The appellant, being the holder
of a certificate of public convenience and necessity, by
virtue of which it is transporting freight between Spo-
kane and Hunters, sought in this action to enjoin the
respondent from unlawful competition.

[1]  The superior court, after trial, issued an in-
junction against the respondent transporting freight
between Spokane and Hunters, with the provision that
the

" . . . decree shall not apply insofar as you are
engaged in the transportation of agricultural, horti-
cultural, dairy or other farm products from the point
of production to the market, or transporting or haul-
ing freight upon special independent contract, or
merchandise of his own."

[1]Reported in 258 Pac. 31.

16—144 WASH.

From this provisional part of the decree, appellant appeals.

There is no statement of facts in the record, and the only matter which is before us for determination is, whether this provision in the decree is incorrect. Without a statement of facts, we do not know upon what evidence this provision is based. It merely follows the law as laid down in Rem. Comp. Stat., § 6387 [P. C. § 234-3], which provides that no certificate is necessary for the transportation of agricultural, horticultural, or dairy or other farm products from the point of production to the market, and by this court, which has held that hauling freight upon special independent contract, or the hauling of merchandise belonging to the transporter, is not prohibited by law. *Carlsen v. Cooney,* 123 Wash. 441, 212 Pac. 575; *Davis & Banker v. Metcalf,* 131 Wash. 141, 229 Pac. 2.

We therefore find no reason for disturbing the decree.

Judgment affirmed.

MITCHELL, FRENCH, FULLERTON, and MAIN, JJ., concur.