[No. 21249. Department One. August 13, 1928.]

BIG BEND AUTO FREIGHT *et al.*, *Appellants*, v.
DICK OGERS, *Respondent*.[1]

[1] CARRIERS (2)—REGULATION—CERTIFICATES—COMMON OR PRIVATE CARRIERS. The owner of an auto truck employed by private contract to haul the product of one shipper is not a common carrier, or subject to the law regulating carriers of freight for hire and requiring a certificate of public convenience licensing his transportation between definite points.

[2] SAME (2)—CASUAL SERVICE BY PRIVATE CARRIER—GOOD FAITH. Whether the owner of an auto truck employed by private contract to haul the product of one shipper who occasionally carries goods for others on his return trips, is a common carrier subject to the law regulating carriers of freight; depends upon his good faith; and where such carriage was only casual and merely for accommodation when emergency articles were needed, bad faith, making him a common carrier, does not appear.

Appeal from a judgment of the superior court for Lincoln county, Sessions, J., entered February 4, 1928, dismissing, on the merits, an action for an injunction and damages, tried to the court. Affirmed.

*A. W. Dolphin*, for appellants.

*Pettijohn & McCallum*, for respondent.

[1]Reported in 269 Pac. 802.

FRENCH, J.—The appellants are the holders of certificates of public convenience and necessity, issued by the department of public works pursuant to Session Laws of 1921, p. 338, ch. 111 (Rem. Comp. Stat., § 6387), authorizing them to engage in the transportation of freight between Spokane and Davenport, Washington. They have in every way complied with the law with respect to the filing of tariffs, time schedules and have made the necessary quarterly reports to the department.

Respondent lives in Davenport and is apparently engaged generally in the transfer business; has complied with Session Laws of 1921, p. 251, ch. 96 (Rem. Comp. Stat., § 6312), and Session Laws of 1927, p. 767, ch. 309 (Rem. 1927 Sup., § 6362-1).

The Big Bend Milling Company has a large mill at Davenport and is engaged in the manufacture of flour, feed and cereal products. A considerable portion of its output is sold to retail merchants in Spokane. For many years the respondent has been engaged in the business of transporting the mill products of this company from Davenport and delivering them in Spokane to the various places of business of the customers of the milling company. Respondent has two trucks which he uses, and it generally requires from two to four trips a day to make these deliveries. This hauling is done under a special independent contract. On some occasions, the respondent has, on the return trip from Spokane, brought a few articles back to Davenport for others than the Big Bend Milling Company. Appellants charged the respondent with operating in violation of the law in competition with them, and asked that respondent be enjoined from transporting freight by means of motor propelled vehicles between Spokane and Davenport, and prayed for damages and general relief.

Our statute covering this situation, as amended by Session Laws of 1927, p. 179, ch. 166, § 1 (Rem. 1927 Sup., § 6390), is as follows:

"No corporation or person, their lessees, trustees, receivers or trustees appointed by any court whatsoever, shall engage in the business of operating as a common carrier any motor propelled vehicle for the transportation of persons, and/or, property between fixed termini or over a regular route, for compensation on any public highway in this state, except in accordance with the provisions of this act."

[1] The first question to be determined is whether or not respondent, under the facts in this case, is a common carrier. What constitutes a common carrier is a question of law, and it is a question of fact whether one charged as a common carrier is within that definition. 40 C. J. 39. It is also well established that a private carrier can not, by legislative command, be converted into a common carrier consistent with the due process clause of the Fourteenth Amendment to the Federal Constitution. *Frost & Frost Trucking Co. v. Railroad Commission,* 271 U. S. 583, 70 Law Ed. 1101; *Michigan Public Utilities Commission v. Duke,* 266 U. S. 570, 69 Law Ed. 445.

It is also well established that a shipper such as the Big Bend Milling Company may have its goods shipped by private contract by private carrier, and that such does not constitute a violation of our public utilities act. *State ex rel. Stimson Timber Co. v. Kuykendall,* 137 Wash. 602, 243 Pac. 834, U. S. Adv. Ops. 1927-28, p. 50. In this case, the supreme court of the United States, speaking through Mr. Justice Butler, said:

"Relator does not here contest the reasonableness of the rate; it does not question the power of the state or the authority of the Department to prescribe and enforce reasonable rates for transportation by common carriers on Puget Sound, and adjacent waters in

Washington; it does not contend that, if the Shively Company was a common carrier of logs by tow boat, the agreement for transportation of relator's logs for less than the tariff would be valid, or that the order complained of would not be valid. It is established that, consistently with the due process clause of the 14th Amendment, a private carrier cannot be converted into a common carrier by mere legislative command. *Frost & F. Trucking Co. v. Railroad Commission*, 271 U. S. 583, 592, 70 L. Ed. 1101, 1104, 47 A. L. R. 457, 46 Sup. Ct. Rep. 605; *Michigan Pub. Utilities Comm. v. Duke,* 266 U. S. 570, 577, 69 L. Ed. 445, 449, 36 A. L. R. 1105, 45 Sup. Ct. Rep. 191.''

We think the law is now well settled, under the authority of the cases which we have heretofore cited, that the respondent in this case did not become a common carrier, and subject to the operation of the act by reason of his contract with the Big Bend Milling Company, and this regardless of the nature or extent of his operations, so long as they were confined to transporting the products of the Mill Company.

[2] A more difficult question of fact arises, however, regarding the transportation of freight from the city of Spokane to Davenport for others than the Big Bend Milling Company. It is admitted that, on several occasions, respondent did so transport other articles of freight, his excuse being that the hauling on these occasions was only casual and merely for accommodation at a time when emergency articles were needed, such as a few drugs, repairs for farm machinery, and when seemingly some time would be gained by having them brought out by him rather than on the regular freight. We think that, as to such articles, the question of respondent's good faith is probably controlling. If, as a matter of fact, the hauling of articles on the return trip from Spokane to others than the Big Bend Milling Company was purely casual, covering only emergency matters, this would not, we

think, make respondent a common carrier. The lower court indicated that the hauling of return freight from Spokane had been so slight as to be almost negligible, and held that appellants were not entitled to the relief sought in so far as the transportation of freight for the Big Bend Milling Company through independent contract was concerned.

As to return freight from Spokane, the negligible amount of it would seem not sufficient to indicate the bad faith of respondent or an intention on his part to do the business of a common carrier. Appellant concedes that,

"The sole issue in this case seems to resolve itself down to the question of whether the defendant had the right to engage in a so-called oral contract with a big shipper,"

and this issue, under the authorities which we have heretofore cited, has been resolved in favor of the respondent. We do not want to be understood, however, as sanctioning the acceptance of freight from the public generally, however small, by private carriers while they may be operating under private contracts.

Judgment affirmed.

PARKER, TOLMAN, and MITCHELL, JJ., concur.