[No. 21536.    Department One.    March 27, 1929.]

INDEPENDENT TRUCK COMPANY, *Respondent*, v. C. C. WRIGHT *et al.*, *Appellants*.[1]

[1]Reported in 275 Pac. 726.

*H. S. Nightingale,* for appellants.
*Newton & Newton,* for respondent.

BEALS, J.—Plaintiff, being engaged in business as a common carrier of freight over the Pacific highway between Seattle, Bellingham and intermediate and neighboring points, under a certificate of public convenience and necessity issued by the department of public works of Washington, instituted this action to enjoin defendants from operating trucks for the transportation of freight over the Pacific highway between Seattle and Bellingham, plaintiff claiming that defendants were unlawfully engaging in business as common carriers, in direct competition with plaintiff.

The trial of the action to the court resulted in findings of fact and conclusions of law in plaintiff's favor, together with the entry of a decree, the material portion of which reads as follows:

"Now THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the defendants C. C. Wright, O. A. Lange, E. W. Cronkhite, Ira Smith and the Northwest Transfer and each of them be and they are hereby permanently enjoined from hauling any freight by motor-propelled vehicles for compensation over the Pacific highway between Seattle and Bellingham or any public highway constituting a portion of the route covered by plaintiff's certificate of public convenience and necessity except defendants are not enjoined from transporting agricultural, horticultural, dairy and other farm products from the point of production to market including such shipments from the Washington Cooperative Egg & Poultry Association in Bellingham, the Whatcom County Dairymen's Association in Bellingham and the Whatcom County Fruit & Vegetable Association in Bellingham or from hauling from points on the Pacific highway between Seattle and Bellingham to points without such highway or from points without the Pacific highway to points thereon where not a por-

tion of the additional route covered by plaintiff's certificate.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff be and it is hereby awarded judgment against the defendants and each of them in the amount of $1 and for its costs and disbursements herein to be taxed by the clerk of this court. To this decree defendants except and their exceptions are noted."

Defendants, deeming themselves aggrieved by the entry of the decree, have appealed therefrom to this court.

It appears from the testimony that one of the appellants, during the summer of 1923, engaged in the hauling of eggs and poultry from Ferndale to Seattle. The business was efficiently and economically conducted, and, from this small beginning, has grown, by natural increase and by amalgamation, to the very considerable business now conducted by appellants under the firm name and style of Northwest Transfer. For approximately four years, appellants have conducted a daily service between Seattle and Bellingham, operating four trucks with trailers, and maintaining depots both in Seattle and Bellingham. Their trucks operate between fixed termini, and on a fairly regular schedule. Appellants issued bills of lading, kept a record of the freight carried on each trip, rendered monthly statements to their customers and maintained practically uniform rates for the various classes of freight which they carried. They numbered, among their patrons, probably as many as sixty or seventy individuals and firms doing business along their route.

Appellants assign error on the refusal of the trial court to make certain findings of fact and conclusions of law as requested by appellants, upon the making of two of the findings of fact and two of the conclusions of law made by the court, in limiting any of the opera-

tions of appellants by injunction, in awarding plaintiff damages in the sum of $1, and in denying appellants' motion for a new trial.

Appellants state that they believe the primary question involved in this appeal is, Does the transportation of property for hire over a regular route or between fixed termini, so transported under private and independent contracts entered into between the carrier and a considerable number of independent shippers, give the person transporting the goods the status of a common carrier as contradistinguished from that of a private carrier?

Respondent contends that the volume and nature of the business engaged in by appellants, exclusive of so much thereof as it is conceded they may lawfully do and which the decree appealed from permits them to do, together with the nature of the business done and the surrounding circumstances as shown by the record in this case, require the entry of a decree essentially as entered by the trial court, restraining an unlawful business engaged in by appellants to the prejudice of respondent as a common carrier and the holder of a certificate of public convenience and necessity.

There is very little dispute as to the nature of the business conducted by appellants. An examination of the record satisfies us that this business far exceeded the volume of business which can be considered casual transportation of property in good faith and under private contract, within the principles heretofore laid down by this court in discussing similar questions. Appellants openly solicited business, and carried freight to and fro regularly for their patrons, at fixed rates, rendering statements and receiving their compensation, at least in many cases, once a month.

Laws of 1927, p. 179, § 1 (Rem. 1927 Sup., § 6390), reads as follows:

"Section 1. That section 2 of chapter 111 of the Laws of 1921, page 339, be amended to read as follows:

"Section 2. No corporation or person, their lessees, trustees, receivers or trustees appointed by any court whatsoever, shall engage in the business of operating as a common carrier any motor propelled vehicle for the transportation of persons, and/or, property between fixed termini or over a regular route, for compensation on any public highway in this state, except in accordance with the provisions of this act."

This court, in the case of *Cushing v. White*, 101 Wash. 172, 172 Pac. 229, L. R. A. 1918F 463, after reviewing the different cases and texts, concludes that a common carrier may be said to be

" . . . one whose occupation is the transportation of persons or things from place to place for hire or reward, and who holds himself out to the world as ready and willing to serve the public indifferently in the particular line or department in which he is engaged; the true test being whether the given undertaking is a part of the business engaged in by the carrier which he has held out to the general public as his occupation, rather than the quantity or extent of the business actually transacted, or the number and character of the conveyances used in the employment. On the other hand, if the undertaking be a single transaction, not a part of the general business or occupation engaged in, as advertised and held out to the general public, then the individual or company furnishing such service is a private and not a common carrier. In either case the question must be determined by the character of the business actually carried on by the carrier and not by any secret intention or mental reservation it may entertain or assert when charged with the duties and obligations which the law imposes."

A similar question was also considered by this court in the case of *State v. Washington Tug & Barge Co.*, 140 Wash. 613, 250 Pac. 49, in which case this court held that certain boats carrying freight were operating as common carriers.

Appellants rely upon the cases of *Carlsen v. Cooney,* 123 Wash. 441, 212 Pac. 575; *Davis & Banker v. Metcalf,* 131 Wash. 141, 229 Pac. 2; and *Spokane Northwest Auto Freight Co. v. Tedrow,* 144 Wash. 481, 258 Pac. 31. In the *Carlsen* case, the plaintiff, the operator of a motor freight service between fixed termini and over a regular route under a certificate of necessity, was denied an injunction against the proprietor of a storage and transfer business who did not operate his motor trucks between fixed termini, nor over any regular route, and who had no certificate of necessity. The opinion indicates that the plaintiff complained of one particular act of hauling merchandise from Camp Lewis to Tacoma, pursuant to a special hauling contract with the owner of the merchandise. It was held that plaintiff was not entitled to restrain defendant from hauling occasional loads over plaintiff's regular route, and that the casual hauling of merchandise for compensation, even in competition with plaintiff, a certificate holder, was not unlawful.

In the case of *Davis & Banker v. Metcalf,* cited above, appellant, the holder of a certificate of necessity under which it was operating a freight and passenger stage line on the state highway, was denied an injunction against the operator of a Ford truck who was making from three to five trips per week along the route followed by plaintiff's vehicles, carrying eggs and cream for one company, for which he received certain agreed compensation. It appears that the defendant devoted all his time to the business of his employer, and had no other occupation. He hauled for no other person, nor did he carry passengers. It was held that there was no unlawful interference with the plaintiff's business, and that plaintiff was not entitled to relief.

In the last of the three cases referred to, *Spokane Northwest Auto Freight Co. v. Tedrow,* the certified

carrier obtained some relief against what the court believed to be unlawful competition, but contended in this court that it was aggrieved by that portion of the decree entered by the superior court, refusing to enjoin the carriage of agricultural or similar farm products, or the transporting or hauling of freight upon special independent contract, or merchandise the property of the carrier. The refusal of the trial court to restrain such carriage, was affirmed by this court.

These opinions hold that transporting of merchandise under special contract, and casual transportation upon special contract, when indulged in in good faith and without any intention to, under pretense or subterfuge, engage in business as a common carrier, will not be enjoined at the instance of the holder of a certificate of necessity, the volume of whose business may be somewhat decreased by such transportation. None of these cases is similar to that which is now before us. The business engaged in by appellants differs greatly both in volume and character from the carriage of freight which this court refused to enjoin in the cases cited. In our opinion, the situation now before us is more nearly analogous to that which was presented in the following cases: *Davis & Banker v. Nickell*, 126 Wash. 421, 218 Pac. 198; *Davis v. Clevinger*, 127 Wash. 136, 219 Pac. 845; *Barbour v. Walker*, 126 Okl. 227, 259 Pac. 552.

We conclude that the evidence shows that appellants were unlawfully engaged in business, as common carriers, to the detriment of respondent, and that respondent was entitled to enjoin such operations on the part of appellants.

The decree entered, however, is too broad, in that it enjoins appellants from hauling any freight whatsoever for compensation, save the excepted classes, whereas there should be excepted from the

operation of the decree the casual hauling of freight upon special independent contract. Such occasional hauling, if indulged in in good faith, is not subject to be restrained. Appellants argue that, if such a contract may lawfully be made to haul one lot of goods for one particular shipper, why cannot any number of such contracts be made? The answer to this query is that the occasional and casual transportation of goods does not make the transporter a common carrier within the legal definition of the term, while the more frequent carriage of goods does make the transporter a common carrier. It is impossible to lay down a fixed rule, which will definitely apply in all cases, as to just when the transporter ceases to be a private carrier and becomes a common carrier, but the general principle may easily be comprehended, and where it clearly appears, as in the case at bar, that the business sought to be enjoined is, in all essential particulars, that of a common carrier, and that the same is carried on in unlawful competition with that of a common carrier acting under a certificate of public convenience and necessity, the further operation of the unlicensed business will be enjoined.

The decree appealed from will be modified in accordance with this opinion. Neither party will recover costs in this court.

MITCHELL, C. J., FULLERTON, TOLMAN, and HOLCOMB, JJ., concur.