SOUTHWESTERN LOAN & FINANCE CORPORATION *v.* ARKANSAS TRANSPORTATION COMPANY.

Opinion delivered January 18, 1932.

1154

*Claude A. Rankin, O. A. Featherston* and *Pinnix & Pinnix,* for appellant.

BUTLER, J. The appellant corporation was authorized by its license certificate from the Railroad Commission to operate an intrastate passenger bus line from Hot Springs, Arkansas, to Nashville, Arkansas, and return, over Highways Nos. 70 and 27. The appellee company was doing an interstate business of a like nature over the same route, but did not have any permit to do an intrastate business. The appellant brought suit in the Pike Chancery Court against the appellee company and secured a decree of that court enjoining the appellee company, its agents and employees, from operating or attempting to operate an intrastate passenger bus

line or business over the route of the appellant corporation. This decree was entered on October 15, 1930, which decree has not been superseded or any permit obtained thereafter by the appellee Company to do an intrastate business over said route.

The case here is an appeal from the decree of the chancery court on a citation for contempt of the defendant for a willful violation of the above said injunction, wherein it was adjudged that the facts established at the hearing on the citation for contempt did not constitute a willful violation of the injunction, and the relief prayed by the appellant corporation in the last proceeding was denied.

The petition alleged that the appellee company had violated the injunction and order of the court made on the 15th of October, 1930, by thereafter operating an intrastate passenger bus line over the same route as that used before the order restraining it from doing so was made. The preponderance of the testimony adduced at the hearing tended to show that, after the injunction order was made and entered and after the application of the appellee company for a permit to do an intrastate business had been denied by the Railroad Commission, the appellee company carried passengers from points between Hot Springs and Nashville to the latter town in the following manner: one would purchase a ticket from an intermediate point between Hot Springs and Nashville to a destination beyond Nashville when it was the purpose only to go to the town of Nashville and return and the fare charged and paid was from that point to Nashville; that the appellee company's agents knew that the passenger intended to go only as far as Nashville. The court found that this was not a violation of the injunction, and further found that the appellee company had permitted a "few people to ride its busses between Nashville and Hot Springs without pay since the rendition of the decree making the injunction perpetual," but held that "it does not constitute contempt for defendant's

1156

servants and employees to invite guests to ride with them on the route between Nashville and Hot Springs.''

The testimony of a witness, one J. C. Young, who had kept a memorandum of the names of parties who took passage from Glenwood, an intermediate point between Hot Springs and Nashville, to Nashville and Hot Springs during the months of December, 1930, and January and February, 1931, and to other intermediate points in the same months, was to the effect that these amounted to thirteen or fourteen persons. There were other witnesses who testified as to either themselves having been carried along the route enjoined by the appellee company or others that had been so carried. The appellee company had in its employ two drivers on this route, both of whom testified that they were authorized to haul anybody they pleased without charging any fare. Indeed, Mr. Mitchell, the president of appellee company, admitted that the drivers had been given this authority, and that any of appellee company's agents had the right to issue passes. He stated that these agents and drivers ''generally always know who they are giving the passes to and what they are giving them for. They don't give them to everybody that comes along,'' but generally the passes were given to those who performed some service for the company. He testified that after the injunction he advised his drivers regarding taking on passengers between Hot Springs and Nashville and the agents about selling tickets, advising the agents not to sell any local tickets between Nashville and Hot Springs, and stated further, ''I have not intentionally violated the injunction issued here by the court. In issuing passes I didn't think it was a violation of the injunction.''

We are of the opinion that the only reasonable inference deducible from this testimony is that there was a persistent attempt made by the appellee company after the injunction order has been made to interfere with, and injure, the business of the appellant corporation, and

that this conduct was a violation both of the letter and spirit of the injunction.

It is a rule of universal application that, in determining whether there has been a violation of an injunction, the order for the injunction is to be construed with reference to the nature of the proceedings and the purposes of the injunction, and it is important to consider the objects for which relief is granted as well as the circumstances attending it. 32 C. J. 492, notes 33, 34 and 35.

Courts entertain proceedings for contempt for two purposes—one, to preserve the power and dignity of the court and to punish for disobedience of orders, and the other, to preserve and enforce the rights of private parties to suits and to compel obedience to orders and decrees made to enforce the rights and administer the remedies to which the court has found them to be entitled. In holding that the conduct of the appellee company shown by the evidence was not a contempt of the order of the court, the learned chancellor doubtless had in view the first class of proceedings, and his judgment would, in that view, not be the subject of review unless the facts established showed such flagrant violation of the order as to suffer it would bring all courts in disrepute. But the proceeding in this case has to do with the second class of contempt proceedings and was instituted primarily, not to vindicate the dignity of the court, but to preserve the rights to which the court had found the appellant entitled in its decree of October 15, 1930. The act complained of was the unlawful interference with appellant's business by appellee company's operation of a bus line over the route of appellant, and this was the action restrained by the court. Therefore, any act on the part of the appellee company which would continue to interfere with or render less valuable the conduct of appellant's business, would be a breach of the injunction, and it is a violation of the injunction to do through subterfuge that which will produce the same effect and accomplish substantially that which it was

prohibited from doing. Ex parte *Miller*, 129 Ala. 130, 30 So. 611, 87 Am. St. 47; *Gibbs* v. *Morgan*, 39 N. J. Eq. 79.

The business of appellant corporation was that of carrying passengers for hire on its busses running between Hot Springs and Nashville, and the object of the order restraining the appellee company from conducting a like business between those points was to preserve the business of appellant corporation from the interference of the appellee. It is therefore immaterial whether the appellee derived a profit from carrying passengers or whether it carried them without pay. In either event the harm to appellant would be as great and the spirit of the injunction violated. The true test is not whether the unlicensed operator is deriving a profit, but whether his acts are necessarily a direct injury to the certificate holder. *Norris* v. *Farmers & Teamsters Co.*, 6 Cal. 590, 65 Am. Dec. 535; *Vallejo Ferry Co.* v. *Salano Aquatic Club*, 165 Cal. 255, 131 Pac. 864; *Davis & Banker Inc.* v. *Nickell*, 126 Wash. 421, 218 Pac. 198. It is very true, as concluded by the chancellor, that a private individual has the right to run his car over the highway and to invite guests to travel with him if he so chooses without charge, but it does not follow, as found by the chancellor, that, since a private person has such right, to deny such right to a corporation would deny its equal protection of the law. For in this case the rights of the corporation offending and of a private individual stand upon a different footing; the former has a right common to every one, but that right is in no sense the same to a corporation, a public carrier, who makes the highway his place of business and uses it for its private gain. The distinction is elementary and fundamental, and one of such universal recognition as to render the citation of authorities unnecessary.

In the instant case the preponderance of the evidence, indeed, the uncontradicted evidence, renders it apparent that the *ad libitum* authority given to the bus drivers to haul any one they might choose without exacting pay, the liberal use of passes, the selling of tickets to places beyond the prohibited points where it was

known the passenger only intended to travel to Nashville or Hot Springs, all indicate a mere subterfuge to evade the letter of the injunction and to continue the impairment of the business of appellant and to render it unprofitable.

Nor can it avail the appellee to say that it did not intend to violate the order of the court or that it instructed its agents not to sell tickets from intermediate points between Nashville and Hot Springs, for the other conduct which has been shown was to do indirectly that which it denied it was doing directly. "It is to be observed that the violation of the spirit of an order or writ, even though its strict letter may not have been disregarded, is a breach of the mandate of the court." *Weston* v. *John Roper Lumber Co.* 158 N. C. 270, 73 S. E. 799; *Baker* v. *Cordon,* 86 N. C. 116, 41 Am. Rep. 448.

It follows that the trial court erred in dismissing the citation for contempt for want of evidence to support it. The decree is therefore reversed, and the cause remanded for further proceedings in accordance with the principles of equity and not inconsistent with this opinion.