[No. 8872.   Department Two.   October 20, 1910.]

THE STATE OF WASHINGTON, *Appellant*, v. JACOB
YOUNGBLUTH *et al.*, *Respondents.*[1]

BANKS AND BANKING—CRIMES—INSOLVENCY—RECEIVING DEPOSITS
—STATUTES—CONSTRUCTION. As a criminal law will not be ex-
tended beyond its plain terms, the act of 1893, entitled an act pun-
ishing bank officers for receiving deposits knowing the bank to be
insolvent, and providing that officers of any "banking institution"
so doing shall be guilty of a felony, did not apply to private bankers,
but only to incorporated banks; especially in view of the subse-
quent legislative construction in 1907 (Rem. & Bal. Code, § 3331),
extending the law to cover "owners" and in 1909 (Id., § 2640), to
cover stockholders and employees.

Appeal from a judgment of the superior court for Skagit
county, Joiner, J., entered March 16, 1910, upon sustaining
demurrers to the information, dismissing a prosecution for the
crime of receiving deposits in a bank with knowledge of its
insolvency.   Affirmed.

*Augustus Brawley*, for appellant, contended that "institu-
tion" in the statute has a broader meaning than "corpora-
tion." 5 Cyc. 532; 22 Cyc. 1374; *Trustees of the Academy
of Richmond County v. Bohler*, 80 Ga. 159, 7 S. E. 633;
*Gerke v. Purcell*, 25 Ohio St. 229, 240; *Appeal Tax Court
of Baltimore City v. St. Peter's Academy*, 50 Md. 321;
*United R. & Elec. Co. v. Baltimore*, 93 Md. 630, 49 Atl.
655, 52 L. R. A. 772; *Morris v. Lone Star Chapter No. 6, R.
A. M.*, 68 Tex. 698, 5 S. W. 519; *Commonwealth v. Gray's
Trustee*, 25 Ky. Law 52, 74 S. W. 702; *Warren v. Shook*,
91 U. S. 704; *Trustees of Kentucky Female Orphan School
v. Louisville*, 100 Ky. 470, 36 S. W. 921, 40 L. R. A. 119;
*Manchester Corporation v. McAdam*, A. C. 500, 61 J. P.
100, 65 L. J. Q. B. 672, 75 L. T. 229; *Hennepin v. Geth-
semane Brotherhood*, 27 Minn. 460, 38 Am. Rep. 298.

*Million, Houser & Shrauger*, for respondent Youngbluth.

[1]Reported in 111 Pac. 240.

*Quinby & Beagle*, for respondent Schafer, contended, *inter alia*, that "banking institution" refers to a body corporate. *Den ex dem State v. Helm*, 3 N. J. L. 600; *Exchange Bank v. Hines*, 3 Ohio St. 1; *Speer v. School Directors of Blairsville*, 50 Pa. St. 150; *Engstad v. Grand Forks County*, 10 N. D. 54, 84 N. W. 577.

CHADWICK, J.—The only question in this case is whether the act of 1893, entitled, "An act punishing bank officers for receiving deposits knowing the bank to be insolvent" (Laws 1893, page 271), applies to private bankers. Section 1 of the act is as follows:

"Any president, director, manager, cashier or other officer of any banking institution who shall receive or assent to the reception of deposits after he shall have knowledge of the fact that such banking institution is insolvent or in failing circumstances, shall be guilty of felony and punished as hereinafter provided."

Defendants, on or about the 24th day of January, 1905, were copartners, and were conducting a private banking institution at Hamilton, in Skagit county. It is charged that they received deposits at a time when the bank was insolvent. The court held, upon demurrer, that the facts did not constitute a crime, and dismissed the proceeding. It is a familiar rule of statutory construction, needing no citation of authority, that a criminal statute will not be extended beyond its plain terms by construction or implication. The title of the act, as well as its phraseology, makes it certain that the legislature had in mind only those banking institutions organized as corporations or associations under existing laws, and doing business by or through officers or agents. The title of the act is directed to officers, and not persons. Individuals do not do business through officers, nor is it to be presumed that copartnerships act through presidents, directors, managers, or cashiers, in the sense in which these words are used to describe officers of a banking institution. It is true that § 2 of the act says, that "any person" violating the

provisions of § 1 shall be punished, but under the rule of *ejusdem generis*, the word "person" must be held to mean persons of the class described in § 1 ; that is, president, director, etc.

We find but one case decided upon a statute identical with the act of 1893: *State v. Kelsey*, 89 Mo. 623, 1 S. W. 838. The same point was there raised as is raised in this case, and the decision supports us in our view of the law. Other reasons may be suggested. It will be noticed that the wording of the act is almost, if not quite, the exact language of art. 12, § 12, of the state constitution. Article 12 is entitled, "Corporations other than municipal." The act under scrutiny was passed with reference to this article, showing clearly that it was the intention of the legislature to include within the term "banking institutions" only such incorporated or organized institutions as did business through the officers designated in the constitution itself. At that time it seems, as was said by Judge Folger in *People v. Doty*, 80 N. Y. 225, 235, that the legislature intended that "private citizens should deal with each other in this matter, as in many others, with such freedom or with such caution as each chose to use."

Another reason for our ruling is that the law-making body has itself put the same construction upon the law of 1893. By the act of 1907 (Laws of 1907, p. 526; Rem. & Bal. Code, § 3331), the word "owner" was incorporated into the law ; while the legislature of 1909 (Laws 1909, p. 1010; Rem. & Bal. Code, § 2640) re-wrote the law so as to include, not only owners, but stockholders and employees as well. There is no surer test to apply in ascertaining the meaning of a law than contemporaneous construction of an act by the legislature itself, if it can be discovered; for "*contemporanea expositio est fortissima in lege.*"

For these reasons, severally and collectively, we hold that the law of 1893 did not apply to individual bankers, and the judgment of the lower court is therefore affirmed.

RUDKIN, C. J., DUNBAR, CROW, and MORRIS, JJ., concur.