[No. 21243. *En Banc.* October 11, 1928.]

Wm. N. May, *as Receiver, Respondent,* v. Edna M. Rudell, *Individually, and as Executrix, Appellant.*[1]

[1]Reported in 270 Pac. 1041.

*Rickabaugh & McElroy* and *Bates & Peterson,* for appellant.

*Ellis & Evans* and *Cyrus Happy, Jr.,* for respondent.

BEALS, J.—This action was instituted by plaintiff, as receiver of the Rudell Lumber Company, a corporation (hereinafter referred to as the corporation), for the purpose of vacating and setting aside, first, certain releases by the corporation of its interest in a policy of life insurance upon the life of J. B. Rudell; second, the designation of defendant, Edna M. Rudell, as beneficiary thereunder; and, finally, for the purpose of procuring, for the benefit of the receivership estate, the proceeds and avails of such policy.

During the early part of the year 1925, J. B. Rudell and M. C. Hayden organized, under the laws of this state, a corporation named Rudell-Hayden Lumber Company, with a capital stock of ten thousand dollars, for the purpose of engaging in the general lumber business. Mr. Rudell was an experienced lumberman and furnished the practical knowledge necessary to carry on the business. On April 15, 1925, Mr. Rudell took out a policy of insurance upon his life in the sum of ten thousand dollars, payable to his estate, and eight days thereafter assigned the policy to the corporation, which paid the premium therefor. In addition to the payment to be made in case of death of the insured, the policy also provided for monthly payments in case of his total disability.

Early in the year 1926, the corporation became financially involved, and dissensions arose between the stockholders, which resulted in the purchase, by Mr. and Mrs. Rudell, of the entire capital stock of the corporation and the change of the name of the corporation to Rudell Lumber Company. In May, 1926, and

at all times thereafter up to Mr. Rudell's death, J. B. Rudell and his wife, the defendant Edna M. Rudell, were the sole stockholders in the corporation and the trustees and officers thereof, and Mr. Rudell was, up to the date of the appointment of plaintiff as receiver for the corporation, actively engaged in its employ and in conducting and managing its business.

In April, 1926, the second annual premium upon the policy of insurance upon the life of Mr. Rudell fell due, in the sum of $293.50, and Mr. Rudell obtained from the agent of the insurance company permission to pay the same at the rate of approximately twenty dollars per month, several of which payments were made by checks drawn against the corporation's bank account. On June 9, 1926, and when only forty-four dollars on account of the premium on the insurance policy had been paid, the Board of Trustees of the corporation, which Board consisted of Mr. and Mrs. Rudell, passed a resolution authorizing the corporation to release all its interest in the insurance policy, which release was executed and forwarded to the insurance company; a similar release was executed October 28, 1926, and the policy was finally, December 24, 1926, made payable to defendant Edna M. Rudell, as beneficiary.

The balance due on account of the second annual premium on the insurance policy was finally paid in full by the corporation's check, dated September 15, 1926, Mr. Rudell having procured a loan on two other of his life insurance policies in which the corporation had no interest, the proceeds of this loan having been deposited in the corporation's account.

On December 23, 1926, plaintiff was appointed receiver of the corporation and ever since has been and now is acting as such, it appearing that the corporation was on that date insolvent and that it had been

insolvent ever since the month of February preceding.

Mr. Rudell had for several years been afflicted with sinus trouble, and late in December 1926, became so seriously ill from a recurrence of this disease that he applied for the total disability benefit under said policy, payment of which was authorized by the insurance company.

In March, 1927, this action was brought against Mr. and Mrs. Rudell, the insurance company being joined as a defendant, for the purpose of vacating the releases of the corporation's interest in the insurance policy, together with the designation of Mrs. Rudell as beneficiary thereunder. Pending trial of the action, Mr. Rudell died; his will was admitted to probate, his wife being appointed executrix thereof and being substituted for Mr. Rudell as party defendant. The insurance company paid into court the proceeds of the policy, both the principal sum due on account of Mr. Rudell's death and nine hundred dollars by way of disability payments which had accrued prior thereto.

The trial resulted in a judgment awarding the proceeds and avails of the insurance policy, including the disability indemnities which had accrued prior to Mr. Rudell's death and had not been paid to him, to plaintiff as receiver of the corporation, from which judgment defendant individually and as executrix appeals.

It appears that the corporation maintained in its name a checking account in the National Bank of Tacoma, and appellant contends that she and her late husband used this account for their personal funds as a matter of convenience, and that the same was used indiscriminately for deposit and disbursement of both corporation and personal money. There is no question but that the corporation was insolvent at the time that it directed the first release of its interest in the in-

surance policy, and that the policy at that time had no loan or cash surrender value; it is also clear that no specific consideration moved from Mr. or Mrs. Rudell to the corporation for this release, or for the subse-. quent release.

Under the law of this state, the property of an insolvent corporation is a trust fund for the payment of its obligations; *Conover v. Hull,* 10 Wash. 673, 39 Pac. 166, 45 Am. St. 810; and such corporation has no right to prefer one or more of its creditors to the exclusion of others. *Dysart v. Colonial Fire Underwriters,* 142 Wash. 601, 254 Pac. 240.

It is well settled that a corporation has an insurable interest in the life and health of its officers, and it is evident that, in this instance, as the corporation was entirely dependent for the management of its business upon the experience and ability of Mr. Rudell, it not only had an interest in his life and in the continuance of his good health, but, to all practical purposes, was absolutely dependent thereon for its success. *Keckley v. Coshocton Glass Co.,* 86 Ohio 213, 99 N. E. 299. It has even been held that the insurable interest of a corporation in the life of its officer is not terminated by the severance of the latter's connection with the corporation and his employment elsewhere, and it would seem that such a ruling is consistent with sound reason and the recent decisions in cases concerning such policies of insurance. *Wurzburg v. New York Life Insurance Co.,* 140 Tenn. 59, 203 S. W., 332, L. R. A. 1918E 566.

This court, in the case of *Dysart v. Colonial Fire Underwriters, supra,* held that an assignment of policies of fire insurance by a bankrupt at a time when the policies had no cash surrender value came within the ban of the trust fund theory of this state, as applied to insolvent corporations.

The facts upon which the case last cited was decided differ widely from the facts now presented for consideration, but the reasoning. upon which the opinion of the court was based has some bearing upon the problems now before us.

Appellant relies upon the case of *Cade v. Head Camp W. O. W.,* 27 Wash. 218, 67 Pac. 603, in which it was held that the beneficiary under a policy of life insurance, written by a fraternal organization and subject to all the rules, regulations and by-laws of such organization, had no vested interest in the policy such as would prevent the making by the insured of a change of beneficiary. The last mentioned case decided an altogether different question and neither it nor the other cases cited by appellant are decisive here, the facts being entirely different and this case being governed by other principles. The Federal decisions cited by appellant are not in point, as this court has held that decisions of the United States courts construing the Federal law governing the administration of bankrupt estates are not controlling in cases such as this, which involve the insolvent corporation trust fund doctrine as established under the laws of this state. *Dysart v. Colonial Fire Underwriters, supra.*

■ Appellant urges that because, in February, 1926, the corporation had passed a resolution directing liquidation of its affairs and the discontinuance of its business, for the further reason that the policy of insurance at this time had no cash surrender value, the policy was not property within the meaning of the law. Whatever may be the rule in other jurisdictions or under the National Bankruptcy Act, it is our opinion that, under the law of this state, such a policy as that in question here is property, and that rights thereunder on the part of the corporation beneficiary, such

as the rights of the corporation in this instance, are protected by the law.

Appellant further contends that Laws of 1927, p. 72, ch. 92, § 2 (Rem. 1927 Sup., § 569-2), is applicable, and limits the right of respondent to the recovery of money paid by the corporation by way of premiums on the policy of insurance. In our opinion, the act referred to does not apply to facts such as are now before us for consideration.

Appellant relies upon the very liberal exemption laws of this state, which protect to an extraordinary degree the dependents of an insured in the enjoyment of the proceeds of policies of life insurance. In our opinion, none of these statutes require the reversal of the judgment rendered in this case, which is to be determined upon principles long established as the law of this jurisdiction and which are entirely consistent with a liberal construction of our insurance and exemption laws.

Appellant and her late husband were the owners of the entire capital stock of the corporation, they were its sole officers and trustees. It is admitted that they used the bank account of the corporation indiscriminately for their own personal needs and for the payment of corporate obligations. Appellant also admits that up to June 9, 1926, the corporation was the duly constituted beneficiary under the policy of insurance which is the subject-matter of this action. Mr. Rudell had, for a long time prior to that date, been suffering from sinus trouble, although there is testimony to the effect that, during this portion of the year 1926, he was enjoying better health than for some time past. The corporation was insolvent and at that time, under the law of this jurisdiction, its assets constituted a trust fund for the benefit of its creditors. In the administration of such a fund, the trustees of a

corporation are held to the exercise of the utmost good faith; the action of the trustees in releasing the interest of the corporation in the insurance policy with which we are concerned does not square with this rule.

We are of the opinion that the attempted assignment of the policy upon the life and health of Mr. Rudell, and the designation of Mrs. Rudell as beneficiary under said policy, were made in violation of the settled law of this state governing the administration of the property of insolvent corporations, and that the judgment of the trial court was right. Judgment affirmed.

FULLERTON, C. J., HOLCOMB, PARKER, ASKREN, FRENCH, MAIN, and MITCHELL, JJ., concur.

