[No. 26667. Department One. September 21, 1937.]

HERBERT E. POST, *as Receiver, Appellant,* v. IDA FISCHER, *Respondent.*[1]

[1]Reported in 71 P. (2d) 659.

*Hayden, Metzger & Blair* and *Reuben C. Carlson,* for appellant.

*Williamson, Freeman & Broenkow,* for respondent.

*Bogle, Bogle & Gates, Ray Dumett,* and *Arthur C. Spencer, Jr., amici curiae.*

BLAKE, J.—Pursuant to an application filed in superior court February 28, 1936, the plaintiff was appointed receiver of Morrison & Company, Inc. He brought this action to recover five hundred dollars paid by the corporation to defendant within four months prior to that date. He alleged that the corporation was insolvent at the time defendant received the money; that the payment constituted an unlawful preference given in fraud of creditors of the corporation and, if allowed to stand, would result in the defendant receiving a greater proportion of the assets and property of the corporation than would be received by other creditors of the same class. It is to be observed that the complaint contains no allegation that defendant had reasonable cause to believe that the payments would effect a preference. The court sustained a demurrer to the complaint and entered judgment dismissing the action. Plaintiff appeals.

The demurrer was sustained on the ground that, under § 2, subd. a, chapter 47, Laws of 1931, p. 160 (Rem. Rev. Stat., § 5831-2 [P. C. § 4532-2] subd. a), a payment made within four months from the time of filing application for the appointment of a receiver does not constitute a preference, unless the person receiving it has reasonable cause to believe that the payment would effect a preference.

The section contains no such limitation. But respondent contended, and the court took the view, that the legislature, in the enactment of § 2, subd. a, b, chapter 47, Laws of 1931 (Rem. Rev. Stat., § 5831-2, subd. a,

b), adopted § 60, subd. a, b, of the Federal bankruptcy act; that, therefore, our act, under the well recognized rule of statutory construction, must be deemed to have been adopted with the construction placed on § 60 of the bankruptcy act by the Federal courts; that, under the decisions of the Federal courts, a payment can be recovered as a preference only when made within four months of the filing of the petition in bankruptcy, and then only if the person receiving the payment has reasonable ground t'o believe that the payment will effect a preference.

We, however, do not think that view is sound. While the wording of § 2, subd. a, b, chapter 47, Laws of 1931 (Rem. Rev. Stat., § 5831-2, subd. a, b), is in most respects identical with § 60, subd. a, b, of the bankruptcy act, it cannot be construed solely in the light of the construction placed upon § 60 by the Federal courts. In construing it, we must take into account the whole of chapter 47 and the law of this state relating to preferences prior to its enactment.

The trust fund doctrine was and is the common law of this state. *Sterrett v. White Pine Sash Co.*, 176 Wash. 663, 30 P. (2d) 665. Under that doctrine, prior to the enactment of § 2, subd. a, b, chapter 47, Laws of 1931, all payments or transfers of property made without present consideration by an insolvent corporation constituted preferences, and could be recovered even though the creditor acted in good faith, and had no reasonable ground to believe that the corporation was insolvent. *Jensen v. American Bank of Spokane*, 157 Wash. 240, 288 Pac. 660. Construing § 2, subd. a, b, chapter 47, Laws of 1931 (Rem. Rev. Stat., § 5831-2, subd. a, b), in *Meier v. Commercial Tire Co.*, 179 Wash. 449, 38 P. (2d) 383, this court said:

"It seems obvious that the purpose of the legislature was to mitigate the harshness of the rule when applied

to a creditor who, in good faith and without knowledge of the insolvency, has received a payment more than four months before the filing of an application for the appointment of a receiver.

"Subdivision (a) of the statute enacts our court-made rule that all such payments, made within the four month period shall be voidable, just as they have been prior to the adoption of the statute; and subdivision (b) enacts the same rule as to all payments made before the four month period in all those cases where the creditor receiving the payment has reasonable cause to believe that a preference would thus be created. A creditor who, without knowledge of insolvency or of other facts indicating a preference, receives his money more than four months before other creditors begin to act, is thus by clear and necessary implication protected by the statute."

This construction of the act was reiterated in *Guaranty Trust Co. v. Yakima First Nat. Bank*, 179 Wash. 615, 38 P. (2d) 384. Upon reconsideration, we are still satisfied that § 2, subd. a, b, chapter 47, Laws of 1931, was intended to modify the trust fund doctrine only to the extent stated in *Meier v. Commercial Tire Co.*, *supra*, and that the legislature had no intention of changing the law relating to recovery of payments made as preferences to conform to the law as laid down by the Federal courts in construing § 60 of the bankruptcy act. We are now fortified in the view we took in *Meier v. Commercial Tire Co.*, *supra*, inasmuch as two sessions of the legislature have passed since that case was decided, and § 2, subd. a, b, chapter 47, Laws of 1931 (Rem. Rev. Stat., § 5831-2, subd. a, b), stands unamended.

 Respondent contends, however, that the construction placed upon § 60 of the bankruptcy act by the Federal courts is now applicable with respect to the recovery of preferences by virtue of § 57, subd. b,

chapter 185, Laws of 1933, p. 812. The section provides:

"Sec. 57. In a proceeding for dissolution subject to the supervision of the court, the following matters shall be governed by the same rules as are applicable in bankruptcy proceedings under the national bankruptcy act as in force at the time of the dissolution proceedings: . . .

"b. all questions in respect to the effect of any preference of corporate creditors secured through a transfer of property or through legal proceedings." (Rem. Rev. Stat. (Sup.), § 3803-57 [P. C. § 4592-87].)

The chapter is known as the uniform business corporation act and, as its appellation implies, constitutes a comprehensive charter for the organization, government, reorganization and dissolution of corporations. Nevertheless, respondent insists that § 57, subd. b, manifests a legislative intent to abandon the trust fund doctrine relating to the recovery of preferences, as established by the decisions of this court and as modified by § 2, subd. a, b, chapter 47, Laws of 1931, and to adopt the law as laid down by the Federal courts in construing § 60 of the bankruptcy act.

We cannot accept this view, with its necessary implications. In the first place, the title of the act is not broad enough to comprehend such an interpretation of the section. In the second place, the section is in derogation of the common law of this state. As such, it will be strictly construed, and limited to its plain intent and scope. *Irwin v. Rogers,* 91 Wash. 284, 157 Pac. 690, L. R. A. 1916E, 1130.

We do not now feel called upon to define the intent and scope of § 57, subd. b, chapter 185, Laws of 1933. It will suffice to say that we find nothing in it to indicate a legislative intent to modify the substantive law of this state relating to the recovery of payments

582

or transfers of property given as preferences by insolvent corporations.

The judgment is reversed, and the cause remanded with directions to overrule the demurrer.

STEINERT, C. J., MAIN, MILLARD, and GERAGHTY, JJ., concur.

