[No. 28138.   Department One.   March 10, 1941.]

NORMAN A. WHITTAKER, *as Receiver, Respondent,* v. E. R. WELLER *et al., Appellants.*[1]

[1]Reported in 111 P. (2d) 218.

*Carl B. Luckerath,* for appellants.

*H. S. Sanford,* for respondent.

MAIN, J.—This action was brought to recover the balance due upon a promissory note. The defendants denied liability, and pleaded an affirmative defense. Subsequently, during the trial, they amplified their defense by oral statements into the record. The trial court sustained a demurrer to the defense, as amplified, and the defendants refused to plead further. The trial court, based on the testimony offered by the plaintiff, found that the defendants were liable, entered a judgment against them in the sum of three thousand dollars, and fixed an attorney's fee. From this judgment, the defendants appeal.

The appellant E. R. Weller will be referred to as though he were the only party on that side of the controversy.

. The respondent is the receiver for the Bactericidal Ray Sales Corporation, and brought this action as such. The sales corporation was organized under the laws of this state, with its principal place of business in the city of Seattle, where it was engaged in selling for an eastern concern "special electrical equipment, primarily ultra-violet equipment."

The sales corporation, by written contract, sold to the appellant five thousand dollars' worth of merchandise, of the character above mentioned, and gave him exclusive right to sell the same in the greater portion of the western part of this state. As an advance payment, the appellant gave the sales corporation a

note in the sum of four thousand five hundred dollars, due two weeks after date. Subsequently, one thousand five hundred dollars was paid upon this note.

Later, and before the merchandise was delivered, the sales corporation desired to negotiate another contract with the eastern concern with which it had been dealing, and, in order to accomplish this, it was thought that it would be necessary to set aside the contract which it had made with the appellant. An oral contract to this effect was made, in which it was agreed that the contract should be set aside, and that the appellant, for the balance of three thousand dollars he owed upon the note, should take stock in the corporation, and three thousand shares of stock of the par value of one dollar a share were issued and delivered to him.

It was agreed at this time that, if the contract with the eastern concern was not consummated, then the appellant's note should be returned to him, and the stock should be returned to the corporation for cancellation. The contract with the eastern concern was never consummated, and, in pursuance of the oral understanding, the note was returned to the appellant and the stock was returned to the corporation.

February 7, 1939, the corporation being then insolvent, the respondent was appointed receiver therefor, as already indicated. Thereafter, he caused a show cause order to be issued, and a hearing was had thereon, as the result of which the note was produced by the appellant, and some other documents, which were deposited in the registry of the court. Thereafter, this action was brought, as above stated, to recover the balance due upon the note.

It is first contended that the contract by which the note was surrendered and the stock delivered

back to the corporation was a valid and binding transaction. This exact question was presented to the court in *Kom v. Cody Detective Agency,* 76 Wash. 540, 136 Pac. 1155, 50 L. R. A. (N. S.) 1073, and it was there held that a contract whereby a corporation sold part of its capital stock, agreeing to repurchase the same if the stockholder should become dissatisfied, was void, in view of Rem. & Bal. Code, § 3697 (Rem. Rev. Stat., § 3823 [P. C. § 4524]).

In the case of *Duddy-Robinson Co. v. Taylor,* 137 Wash. 304, 242 Pac. 21, it was pointed out that the decision in that case was not only rested upon the statute, but the holding was further to the effect that such a contract was against public policy.

The appellant recognizes the force of the holding in the *Cody* case, but says that the statute upon which that case was rested has been repealed by Rem. Rev. Stat. (Sup.), §§ 3803-24 and 3803-25 [P. C. §§ 4592-54, 4592-55] (Laws of 1933, pp. 785, 787, §§ 24, 25). There is nothing in either one of those sections which expressly repeals the former statute. Whether it was repealed by implication is immaterial, because the two sections last mentioned, when read together, contain substantially the same provision as did the former statute which was to the effect that it was unlawful for directors of a corporation to pay any dividends, except from the net profits arising from the business of such corporation.

In addition to this, it has long been the law of this state, beginning with the case of *Tait v. Pigott,* 32 Wash. 344, 73 Pac. 364, and continuing down to *May v. Rudell,* 149 Wash. 393, 270 Pac. 1041, that a corporation in this state cannot traffic in its own stock, and that the capital stock of the corporation is a trust fund for the payment of its debts. There are many other cases to the same effect, but the rule is

so well settled and so firmly imbedded in the law of this state that there is no occasion here to assemble the cases.

■ Further, it may be said that the trust fund doctrine is a part of the common law of this state. *Post v. Fischer*, 191 Wash. 577, 71 P. (2d) 659; *Hill v. Brandes*, 1 Wn. (2d) 196, 95 P. (2d) 382.

The contention of the appellant to the effect that the contract was valid cannot be sustained.

■ It is next contended that it was necessary for the respondent to show to what extent this action was necessary to recover in order to pay *bona fide* claims and expenses after exhausting the other assets of the corporation, if any. Cases to that effect, such as *Rea v. Eslick*, 87 Wash. 125, 151 Pac. 256, and *Gaunce v. Schoder*, 145 Wash. 604, 261 Pac. 393, apply that rule when the action is brought against a stockholder for an unpaid subscription, or against one to recover dividends from an insolvent corporation which were paid to a stockholder in good faith and received by him in good faith. The rule of those cases has no application here, because this is not a suit to recover the balance due upon a stock subscription or a dividend paid in good faith and received in good faith, but it is an action to recover upon a promissory note, the contract to surrender being void.

■ Finally, it is contended that the action could not be maintained without first obtaining a judgment against the officer of the corporation who was a party to the transaction in which it was attempted to surrender the note and cancel the stock. In support of this contention, we are directed to Rem. Rev. Stat. (Sup.), § 3803-25, which provides that, if any dividend is paid in violation of § 3803-24, or any other unlawful distribution, payment, or return of assets be made to the stockholders, the directors who, know-

ingly and without making reasonable inquiry, voted in favor thereof shall be jointly and severally liable to the corporation. There is no provision in either one of these sections which provides, either directly or indirectly, that an action against the officer is a condition precedent to the right of the receiver of an insolvent corporation to maintain an action against one upon an obligation to pay, as in this case. Such a procedure would be impractical and cumbersome, and would operate to unduly delay the termination of litigation.

The judgment will be affirmed.

ROBINSON, C. J., BLAKE, DRIVER, and STEINERT, JJ., concur.

[1]Reported in 111 P. (2d) 215.