[No. 35063.   Department Two.   December 24, 1959.]

GEORGE MARBLE, *Appellant*, v. NORMAN W. CLEIN *et al.*,
*Respondents.*[1]

[1]Reported in 347 P. (2d) 830.

*Olwell & Boyle* and *Clinton H. Hattrup,* for appellant.

*Wright, Innis, Simon & Todd* (*Roger L. Williams,* of counsel), for respondents.

FOSTER, J.—Plaintiff Marble appeals from a final judgment of dismissal after a demurrer to his complaint had been sustained.

The complaint alleged that respondents requested appellant to secure a buyer for them for their shares of corporate stock. Respondents agreed to pay appellant a commission if he secured a purchaser. Appellant did secure such a purchaser to whom the sale was made but respondents refused to pay, whereupon appellant sued to recover his compensation. Respondents' demurrer to the complaint was sustained. Appellant did not amend, and now appeals from a judgment of dismissal.

The sole issue is the scope of the securities act (RCW 21-.04). If the statute applies, appellant cannot prevail because he violated the statute, and a contract to do an illegal act cannot be enforced. On the other hand, if the act does not apply, no obstacle to appellant's recovery exists.

Appellant contends that he was not regularly engaged in the business of dealing in securities, and that this was a single, isolated act unconnected with his regular occupation. He further claims that the complaint does not allege any facts from which an inference can be drawn that such dealings were a regular practice with him.

The pertinent sections of the act are:

"The word 'broker' includes every person or company, other than an agent, engaging in the business of selling, offering for sale, negotiating for the sale of, soliciting subscriptions for, or otherwise dealing in securities issued by others; or underwriting any issue of securities, or of purchasing such securities with the purpose of reselling or offering them for sale to the public for a commission or at a profit . . ." RCW 21.04.010(5).

"No person or company shall act as an agent or broker until such person or company shall have applied for and obtained from the director of licenses a certificate authorizing such company so to act. . . ." RCW 21.04.090.

"Every person who shall violate, or knowingly aid or abet the violation, of any provisions of this chapter, and every person who fails to perform any act which it is made his duty to perform herein, shall be guilty of a gross misdemeanor." RCW 21.04.220.

▮ Certain acts are prohibited, the violation of which is designated a gross misdemeanor, and the statute, clearly penal in nature, must be strictly construed. *Johnson v. Rutherford,* 32 Wn. (2d) 194, 200 P. (2d) 977; *Salisbury v. Alskog,* 144 Wash. 88, 256 Pac. 1030; *Mangaoang v. Boyd,* 205 F. (2d) 553, cert. den. 346 U. S. 876, 98 L. Ed. 384, 74 S. Ct. 129.

This court, in holding that a statute entitled " 'An act punishing bank officers for receiving deposits knowing the bank to be insolvent' " did not apply to private bankers, stated:

". . . It is a familiar rule of satutory construction . . . that a criminal statute will not be extended beyond its plain terms by construction or implication. . . ." *State v. Youngbluth,* 60 Wash. 383, 111 Pac. 240.

Such is the controlling rule here.

A further guide for the construction of this statute is its relation to previous existing law. In the case of *In re Tyler's Estate,* 140 Wash. 679, 250 Pac. 456, 51 A. L. R. 1088, this court quoted with approval the following statement:

" 'No statute enters a field which was before entirely unoccupied. It either affirms, modifies, or repeals some portion of the previously existing law. In order, therefore, to form a correct estimate of its scope and effect it is necessary to have a thorough understanding of the laws, both common and statutory, which heretofore were applicable to the same subject. Whether the statute affirms the rule of the common law on the same point, or whether it supplements it, supersedes it, or annuls it, the legislative enactment must be construed with reference to the common law; for in this way alone is it possible to reach a just appreciation of its purpose and effect. Again, the common law must be allowed to stand unaltered as far as is consistent with the reasonable interpretation of the new law.' . . .

" ' . . .

" 'Statutes are likewise to be construed in reference to the common law; for it must not be presumed that the legisla-

ture intended to make any innovation upon the common law, further than the case absolutely required.' . . ."

■ This statute is in derogation of the common law, which permitted brokers and dealers to practice their profession and collect for services rendered without exacting a license. Accord: *State v. Silberberg* (Ohio), 128 N. E. (2d) 675, reversed on other grounds 130 N. E. (2d) 244, affirmed 166 Ohio St. 101, 139 N. E. (2d) 342.

This statute must, for such reason also, be strictly construed and limited to its plain intent and scope. *Post v. Fischer*, 191 Wash. 577, 71 P. (2d) 659; *Grammer v. Skagit Valley Lbr. Co.*, 162 Wash. 677, 299 Pac. 376; *Kuehn v. Faulkner*, 136 Wash. 676, 241 Pac. 290, 45 A. L. R. 571.

However, meaning must be given to all words and the clearly expressed intent, although the statute cannot be extended beyond its plain terms.

■ The act prohibits a person from acting as a "broker" without having first obtained a license, and provides a penalty for violation. "Broker" is defined as including every person or corporation, other than agent, "engaging in the business" of dealing in securities. Appellant was not *engaged in the business* of dealing in securities, but, on the contrary, the complaint alleges appellant was involved in but an isolated transaction. In the absence of any language bringing a single transaction within the statutory prohibition, the act cannot be so extended. To do so would be to imply a legislative intention where none is expressed, to deny settled rules of construction, and to disregard the decisional law. This we will not do.

This court, in defining the scope of the auto transportation act (RCW 81.68), held in *Strickler v. Schaaf*, 199 Wash. 372, 91 P. (2d) 1007, 123 A. L. R. 226:

"It will be observed that, under the section of the statute where auto transportation company is defined, the operators coming under the act must be engaged 'in the business of transporting persons, and, or, property for compensation.' The statute providing that no auto transportation company shall carry persons for hire between fixed termini and over a regular route without obtaining a license applies to com-

mon carriers. Isolated or occasional transportation of persons does not constitute 'engaging in business.' . . ."

In *Independent Truck Co. v. Wright,* 151 Wash. 372, 275 Pac. 726, the court held too broad an injunction issued under the same act where it enjoined the appellant from even casual or occasional hauling of freight. In answer to the argument that if such a contract may be made to haul one lot of goods, why cannot any number of such contracts be made, the court said:

" . . . the occasional and casual transportation of goods does not make the transporter a common carrier within the legal definition of the term, while the more frequent carriage of goods does make the transporter a common carrier. . . ."

This view is amply supported by cases from other jurisdictions on similar licensing acts regulating persons engaging in the business of securities and other transactions. *Silvertooth v. Kelley,* 162 Ore. 381, 91 P. (2d) 1112, 122 A. L. R. 1329, held that the person so charged

" . . . was not engaged in the business of selling stocks or securities. It was an isolated sale, not made in the course of repeated and continuing transactions . . ."

The court in *Jones v. State,* 25 Ala. App. 410, 149 So. 855, quoted its own earlier opinion which held:

" '. . . the term "engage in business" as expressed in the statute . . . has a well defined meaning in law. It means that employment which occupies the time, attention, and labor of the person so engaged in business. That which a man occasionally engages in, as opportunity offers, or inclination prompts, is, for the time being his business; yet the law uses that term to indicate a regular . . . employment, not one that is occasional, [or] irregular . . . ' "

Other cases are collected in the margin.[2]

---

[2]*Commonwealth v. White,* 260 Mass. 300, 157 N. E. 597; *Kolb v. Burkhardt,* 148 Md. 539, 129 Atl. 670; *Snyder v. Heinrichs,* 115 Ind. App. 129, 55 N. E. (2d) 332; *Morris v. O'Neill,* 239 Mich. 663, 215 N. W. 8; *Klarr v. Heckart,* 206 Ore. 178, 291 P. (2d) 1016; *Hammer v. White,* 90 Cal. App. (2d) 443, 202 P. (2d) 1029; *Wilson v. Federal Tax Co.,* 176 Okla. 90, 54 P. (2d) 363; *Noll v. Mastrup,* 233 Iowa 1176, 11 N. W. (2d) 367. See, also, 12 C. J. S. 155, 156, § 67; 53 C. J. S. 556, § 27; Annotations, 118 A. L. R. 646, 657; 169 A. L. R. 767, 783.

■ But respondent argues that the decision here should conform to the interpretation placed on the real-estate brokers' licensing act (RCW 18.85). That statute was held to disallow suits for collection of commissions where no license had been obtained even in the case of an occasional dealer. See *Grammer v. Skagit Valley Lbr. Co., supra.* However, the real-estate brokers' licensing act differs. It defines a real-estate broker as one who "engages in" real-estate dealings, as opposed to the phrase "engaging in the business" in the instant act. The former phrase is far more susceptible of application to a person who has engaged in a single transaction. Furthermore, RCW 18.85.100 specifically provides:

"No suit or action shall be brought for the collection of compensation as a real estate broker . . . without alleging and proving that the plaintiff was a duly licensed real estate broker . . . at the time the alleged cause of action arose."

A comparable provision is absent in this statute.

We find no authority in the decisions interpreting the real-estate brokers' licensing act, since that act specifically applies to those engaged in isolated transactions. The instant act makes no such specific provision, and cannot be extended.

The decision of the trial court is reversed with instructions to overrule the demurrer.

WEAVER, C. J., HILL, FINLEY, and ROSELLINI, JJ., concur.