[No. 1522-1.   Division One.   June 18, 1973.]

ROBERT V. YEAKEL, *Appellant*, v. R. C. RALLS *et al.*, *Respondents.*

*Beresford & Booth, Robert Baronsky, Monheimer, Schermer, Van Fredenberg & Smith,* and *Stephen P. Ryder,* for appellant.

*Trethewey & Brink* and *Daniel Brink,* for respondents.

FARRIS, J.—Robert Yeakel brought suit to collect a commission on the sale of all the stock of the Fireside Inn, Inc., a tavern operated by R. C. Ralls. Yeakel failed to plead that he was a duly licensed security salesman or a duly licensed

broker-dealer; Ralls moved for judgment on the pleadings which was granted by the trial court. Yeakel appeals.

The issue before the trial court and the issue here is identical. Under the existing Securities Act of Washington, must a salesman who "brokers" an isolated securities transaction plead and prove that he is a licensed securities salesman or licensed broker-dealer in order to sue for his commission? The trial court answered this question affirmatively. We reverse and remand for trial.

RCW 21.20.320 exempts certain transactions from regulation by the securities act. One type of transaction exempted is

Any isolated transaction, or sales not involving a public offering, whether effected through a broker-dealer or not.

RCW 21.20.320 (1). *See also Marble v. Clein,* 55 Wn.2d 315, 347 P.2d 830 (1959).

Ralls is aware of this statute but argues that RCW 21.20.135 enacted subsequently changes the result. RCW 21.20.135 provides:

No suit or action shall be brought for the collection of a commission for the sale of a security, as defined within this chapter without alleging and proving that the plaintiff was either a duly licensed salesman for an issuer or a broker-dealer, or a duly licensed broker-dealer in this state or another state at the time the alleged cause of action arose.

We must then answer whether RCW 21.20.135 precludes an action by an unlicensed salesman for the collection of a commission in an isolated transaction, RCW 21.20.320 notwithstanding. The introduction to RCW 21.20.320 provides:

Except as hereinafter in this section expressly provided, RCW 21.20.040 through 21.20.300, inclusive, shall not apply to any of the following transactions:

(1) Any isolated transaction, or sales not involving a public offering, whether effected through a broker-dealer or not.

To affirm the trial court we would have to find, as Ralls urges, that the statute was "misplaced" in the code by the

code reviser and should have properly been placed among the miscellaneous provisions applicable to all actions brought under the securities act.

The Securities Act of Washington is sequentially organized into five general areas:

(1) Definitions.

(2) Fraudulent and prohibited practices.

(3) Registration requirements.

(4) Exempt securities and transactions.

(5) Miscellaneous provisions dealing with such matters as service of process, criminal and civil liabilities for violations and administration of the chapter under the Department of Licenses.

■ The code reviser incorporated the "plead and prove" section into the group of sections dealing with registration requirements. We cannot find that in so doing the code reviser misplaced the statute, particularly since the analogous "plead and prove" section in the chapter on real estate brokers appears in the section making it unlawful to act as a real estate broker without a license. RCW 18.85.100. In arguing that the statute is "misplaced", Ralls asks us to conclude that a party can properly broker an isolated transaction under one section of the securities act but be denied access to the courts to enforce payment for his service by another section of the same act. Our analysis precludes such a result.

> It is a rule of such universal application as to need no citation of sustaining authority that no construction should be given to a statute which leads to gross injustice or absurdity.

*In re Horse Heaven Irrigation Dist.*, 11 Wn.2d 218, 226, 118 P.2d 972 (1941).

Reversed and remanded for trial.

HOROWITZ and CALLOW, JJ., concur.

Petition for rehearing denied August 20, 1973.

Review denied by Supreme Court October 25, 1973.