[No. 4122-43564-1. Division One. January 3, 1977.]

PRIME CONSTRUCTION CO., INC., *Appellant*, v. SEATTLE-FIRST NATIONAL BANK, ET AL, *Respondents*.

*Torbenson, Thatcher, McGrath, Treadwell & Schoonmaker* and *Thomas F. McGrath, Jr.,* for appellant.

*Davis, Wright, Todd, Riese & Jones, David C. Groff,* and *Donald E. Watson,* for respondents.

WILLIAMS, C.J.—Prime Construction Company, Inc., brought this action against Harry G. Welch, Henry J. Mrazek, and the Seattle-First National Bank to recover damages for conversion and breach of fiduciary duty. The trial court dismissed the complaint and Prime Construction appeals. We affirm.

Prime Construction was the general contractor in the construction of a United States Government facility at

Westport, Washington. Welch and Mrazek's company, Hi-Line Plumbing and Heating, Inc., was the mechanical subcontractor. Seattle-First financed Hi-Line Plumbing's operations.

Prior to the start of construction on the project, Prime Construction, in compliance with the Miller Act (40 U.S.C. § 270 *et seq.*), obtained bonds to protect subcontractors, suppliers, and materialmen who would not have state lien rights on the federally owned property. In its subcontract with Hi-Line Plumbing, Prime Construction reserved, but did not exercise, the right to require Hi-Line Plumbing to obtain similar bonds running in favor of it. As work proceeded, Prime Construction made progress payments of $169,281 to Hi-Line Plumbing, withholding a 10 percent retainage on all amounts approved for payment. After nearly a year, Hi-Line Plumbing filed for bankruptcy and Prime Construction completed Hi-Line Plumbing's part of the project. In order to avoid Miller Act claims, Prime Construction paid nearly $30,000 to suppliers of Hi-Line Plumbing.

For the preceding 10 years, Seattle-First financed Hi-Line Plumbing's contracts by loaning it money on an open line of credit secured by an assignment of accounts receivable. Welch and Mrazek were personal guarantors of this line of credit. Progress payment checks from the Westport project and other projects went into a special "collateral" account which Hi-Line Plumbing was required by Seattle-First to maintain; when the checks cleared, the proceeds were applied to the outstanding debt. After abandoning the Westport project, Hi-Line Plumbing paid its entire outstanding debt to Seattle-First ($88,000).

The theory of Prime Construction's suit is that the periodic payments to Hi-Line Plumbing were made in trust for the benefit of materialmen; that Welch and Mrazek breached a fiduciary duty or otherwise converted such trust funds; and that Seattle-First participated in the conversion by taking the trust funds in satisfaction of personal debts of a trustee (Hi-Line Plumbing).

In support of this theory, Prime Construction contends that under the facts of this case, RCW 9.54.010 and RCW 9.54.080 (repealed, but in effect when the transactions occurred) combine to create a cause of action for conversion. RCW 9.54.080 states as follows:

> Every person having entered into a contract to supply any labor or materials for the value or price of which any lien might lawfully be filed upon the property of another, who shall receive the full price or consideration thereof, or the amount of any account stated thereon, shall be deemed within the meaning of RCW 9.54.010 (3), to receive the same as the agent of the party with whom such contract was made, his successor or assign, for the purpose of paying all claims for labor and materials supplied.

RCW 9.54.010 states, in part:

> Every person who, with intent to deprive or defraud the owner thereof—
>
> . . .
>
> (3) Having any property in his possession, custody or control, as bailee . . . or a person authorized by agreement or by competent authority to take or hold such possession, custody or control, . . . shall secrete, withhold or appropriate the same . . . to the use of any person other than the true owner or person entitled thereto; . . .
>
> . . .
>
> Steals such property and shall be guilty of larceny.

Before RCW 9.54.080 can apply, there must exist (1) a person who contracts to supply labor or materials; and (2) a situation in which a lien might lawfully be filed upon the property of another for the value of labor and materials supplied. For Prime Construction's theory to succeed, the payment bond required by the Miller Act must be considered to be "property of another" as specified in RCW 9.54.080, and the Miller Act claims must be considered to be "liens" which might lawfully be filed upon that "property." Although RCW 9.54.080 is a criminal statute, Prime Construction argues that the rule of strict construction of criminal statutes, *State v. Bell*, 83 Wn.2d 383, 518 P.2d 696

(1974), does not apply because this is a civil action. We disagree. A statute cannot be strictly construed for some purposes and loosely construed for others, *Marble v. Clein*, 55 Wn.2d 315, 347 P.2d 830 (1959), and will not be extended beyond its plain terms by construction or implication. *State v. Youngbluth*, 60 Wash. 383, 111 P. 240 (1910). Miller Act claims against a payment bond are creatures of federal statute and are not liens against the property of another.

In addition, Prime Construction's interpretation of RCW 9.54.080 conflicts with the Uniform Commercial Code, RCW 62A.9-102 *et seq.*, which provides that a valid security interest attaches to after-acquired property, including accounts receivable. RCW 62A.9-106 and RCW 62A.9-204. RCW 62A.9-318(4) voids any contract between an account debtor (Prime Construction) and an assignor (Hi-Line Plumbing) which prohibits assignment of accounts receivable to a secured party (Seattle-First). An account debtor who receives proper notice from the secured party must pay the assigned account to the secured party. RCW 62A.9-318(3). In construing a statute, "the entire sequence of all statutes relating to the same subject matter should be considered." *Goodman v. Bethel School Dist. 403*, 84 Wn.2d 120, 127, 524 P.2d 918 (1974).

Judgment affirmed.

CALLOW and ANDERSEN, JJ., concur.