[No. 1866–3. Division Three. May 3, 1977.]

LYLE E. KILTHAU, *Appellant,* v. FRANK COVELLI, *Respondent.*

*Fortier & Baker* and *G. William Baker,* for appellant.

*Velikanje, Moore & Shore* and *George F. Velikanje,* for respondent.

MUNSON, C.J.—Lyle E. Kilthau, plaintiff, appeals a portion of the judgment awarded on defendant Frank Covelli's counterclaim.

The appeal revolves around the italicized portion of the following finding of fact:

On August 11 or 12, 1974, plaintiff discovering that he had difficulty with the disposition of his corn crop, came to defendant and requested defendant's assistance in disposing of plaintiff's corn; but for the ability of the defendant to deal with wholesale buyers of corn and provide all or a substantial part of the means for picking, hauling, packing and delivering the corn, plaintiff would not have realized the returns on the crop of more than $32,000.00 that he was able to enjoy. *There is an implied promise that the plaintiff pay defendant the reasonable and fair value of the services rendered, which value is*

$1,783.90 for labor costs incurred by defendant, $125.00 for staples purchased by defendant, *hauling charges of 25¢ per crate or $2,265.00, and a fair commission charge of 15% of gross proceeds or $4,808.50, for a total obligation of $8,982.40.*

(Italics ours.)

In addition to the foregoing, the trial court awarded Kilthau: (1) $1,250 for seeding defendant's potatoes, (2) $1,568.46 for harvesting defendant's potatoes, and (3) $2,101.50 for proceeds from the sale of plaintiff's corn converted by defendant; and Covelli, $1,500 for plaintiff's use of defendant's tractor. This amounted to a net judgment in Covelli's favor of $5,562.44.

With regard to the award for hauling charges, Kilthau contends there is no evidence to support a finding of an implied contract because the services performed by both parties with the exception of the planting of defendant's potatoes and the use of defendant's tractor were intended to be mutual services without the expectation of payment. We disagree.

 An implied contract is found by inference or implication in some act or conduct of the party sought to be charged, and arises by inference or implication from circumstances which, according to the ordinary course of dealing and the common understanding of men, shows a mutual intention on the part of the parties to contract with each other. *Ross v. Raymer*, 32 Wn.2d 128, 201 P.2d 129 (1948); *Ammerman v. Old Nat'l Bank*, 28 Wn.2d 239, 182 P.2d 75 (1947); *Kellogg v. Gleeson*, 27 Wn.2d 501, 178 P.2d 969 (1947). The existence of an implied contract is a question for the trier of fact. Kilthau's request for the performance of valuable services, Covelli's performance of those services, and Kilthau's acceptance of the performance presumptively creates an implied contract whereby Kilthau would compensate Covelli for the reasonable value of his services. Restatement of Contracts § 5, at 7 (1932). This presumption is not conclusive but places upon Kilthau the burden of showing the services were gratuitously bestowed.

*Western Asphalt Co. v. Valle,* 25 Wn.2d 428, 439, 171 P.2d 159 (1946). We have closely examined the trial record and find ample evidence to support an implied contract for reasonable compensation at 25 cents per crate for the hauling. Hence, this portion of the judgment must be affirmed.

■ With regard to the commission award, however, we must reverse. Covelli admittedly was not a licensed commission merchant. RCW 20.01. Thus, a contract for the payment of a commission would be violative of RCW 20.01.460, and unenforceable. *Shorewood, Inc. v. Standring,* 19 Wn.2d 627, 144 P.2d 243 (1943); *Irons Inv. Co. v. Richardson,* 184 Wash. 118, 50 P.2d 42 (1935).

Covelli contends that RCW 20.01.010 *et seq.* do not apply to single or isolated transactions. We disagree. While it is true that a licensing statute such as the one in question is in derogation of the common law and should be strictly construed, the act expressly prohibits a person from acting as a commission merchant without first having obtained a license. RCW 20.01.460. Covelli's services come directly within the purview of the definition of a commission merchant.[1] RCW 20.01.010(6); *cf. Marble v. Clein,* 55 Wn.2d 315, 347 P.2d 830 (1959). The absence of a prohibition comparable to RCW 18.85.100, paragraph two,[2] does not detract from this conclusion. Consequently, that portion of the judgment in Covelli's favor for $4,808.50 must be stricken.

---

[1]Covelli does not attempt to bring himself within any other exception, *e.g.,* RCW 20.01.030(4) and RCW 20.01.010(4).

[2]"No suit or action shall be brought for the collection of compensation as a . . . broker, . . . or . . . salesman, without alleging and proving that the plaintiff was . . . duly licensed . . ."

464

The judgment as modified is affirmed.

GREEN and McINTURFF, JJ., concur.

Petition for rehearing denied June 2, 1977.

Review denied by Supreme Court December 2, 1977.