[No. 4095-0-III. Division Three. March 18, 1982.]

RONALD E. SPRINGER, ET AL, *Appellants,* v. J. M. ROSAUER, ET AL, *Respondents.*

*Michael L. Loft* and *Layman, Mullin & Etter,* for appellants.

*Edward J. Parry* and *Parry & Esposito,* for respondents.

GREEN, J.—Plaintiffs, Ronald Springer and his wife, brought this action against defendants, J. M. Rosauer, his wife, and Rosauer's Super Markets, Inc., to recover (1) compensation for finding a purchaser for the stock of

Rosauer's Super Markets, and (2) damages for outrageous conduct. Defendants moved for judgment on the pleadings and dismissal for failure to state a claim upon which relief could be granted. CR 12(b)(6). The trial court dismissed the complaint and the Springers appeal.

The primary issue presented is whether Mr. Springer's failure to allege he was licensed under the real estate brokers' statute, RCW 18.85, operates to bar his cause of action for compensation. If this statute is a bar to recovery, is Mr. Springer, nevertheless, entitled to receive compensation upon equitable grounds? The remaining issue concerns his right, if any, to damages for the tort of outrage.

■ A motion to dismiss pursuant to CR 12(b)(6) questions only the legal sufficiency of the allegations in the pleadings. *Contreras v. Crown Zellerbach Corp.*, 88 Wn.2d 735, 742, 565 P.2d 1173 (1977). Therefore, the allegations of the complaint must be accepted and a dismissal is appropriate only if it appears beyond a reasonable doubt there is no set of facts, consistent with the complaint, which would entitle plaintiffs to relief. *Corrigal v. Ball & Dodd Funeral Home, Inc.*, 89 Wn.2d 959, 961, 577 P.2d 580 (1978); *Brown v. MacPherson's, Inc.*, 86 Wn.2d 293, 297, 545 P.2d 13 (1975); *Christensen v. Swedish Hosp.*, 59 Wn.2d 545, 548–49, 368 P.2d 897 (1962). The complaint alleged:

V.

J. M. Rosauer requested plaintiff, Ronald E. Springer to perform distinct services for his benefit as principal and controlling stockholder of Rosauers Supermarkets, Inc., on behalf of said company as follows:

1. To become president and chief executive officer of defendant Rosauers Supermarkets, Inc., for which Springer would be paid a salary of $60,000 per year, with no provisions for retirement, profit sharing, pension or tenure.

2. To use plaintiff's contacts in the investment community to find a purchaser for the stock of said Rosauers Supermarkets, Inc., and for plaintiff to agree with said prospective purchasers that he would remain as part of management after the sale of stock.

## VI.

It was implied by defendants and understood by the parties that the plaintiff would be compensated for finding a purchaser by payment of a reasonable fee or by plaintiff being given a share of ownership in defendant corporation equivalent to the value of a reasonable fee.

The complaint also alleged that, in addition to performing his duties as president, he found purchasers for all of the stock of the corporation and on July 13, 1976, presented Mr. Rosauer with a bona fide, firm offer of purchase from financially strong persons who were ready, willing and able to purchase the stock for a specified price. It is also alleged the prospective purchasers were willing to engage in further negotiations which might improve the offer. After this offer was presented, Mr. Rosauer, without warning or discussion, notified Mr. Springer he was terminated as president of Rosauer's Super Markets, Inc.; he would not accept the offer or negotiate with the purchasers; and the company and stock were not for sale.

Initially, Mr. Springer contends the court erred in ruling that his action was barred by the real estate brokers' statute, RCW 18.85.010 *et seq.*, because he failed to allege he was a duly licensed real estate broker.

RCW 18.85.100 provides:

> No suit or action shall be brought for the collection of compensation as a real estate broker . . . without alleging and proving that the plaintiff was a duly licensed real estate broker, . . . prior to the time of offering to perform any such act or service or procuring any promise or contract for the payment of compensation for any such contemplated act or service.

It is a gross misdemeanor to act as a real estate broker without a license. RCW 18.85.340. Since this act is penal in nature and in derogation of the common law, it must be strictly construed. *Grammer v. Skagit Valley Lumber Co.*, 162 Wash. 677, 299 P. 376 (1931); *Main v. Taggares,* 8 Wn. App. 6, 504 P.2d 309, 74 A.L.R.3d 630 (1972). The purpose of the act is to protect the public from fraud and misrepresentation. *Schmitt v. Coad,* 24 Wn. App.

661, 665, 604 P.2d 507 (1979), *review denied,* 93 Wn.2d 1016 (1980).

 The earlier version of RCW 18.85.010, in effect at the time of the alleged transaction, stated:

> (1) "Real estate broker," or "broker," means a . . . person, acting independently, who for . . . compensation, engages in the . . . sale . . . or negotiation therefor, of . . . business opportunities or interest therein, belonging to others . . .
>
> . . .
>
> (5) "Business opportunity" shall mean and include business, business opportunity and good will of an existing business or any one or combination thereof;

A person authorized to find a buyer for all of the stock of a corporation for compensation has been held to be a real estate business opportunity broker within the meaning of this statute. *Schmitt v. Coad, supra* at 665. It necessarily follows that Mr. Springer's failure to allege he was a licensed real estate broker is a bar to his claim for compensation under RCW 18.85.100.

 Notwithstanding, Mr. Springer contends that, since he was involved in an isolated transaction, the real estate brokers' act does not apply. We disagree. In *Marble v. Clein,* 55 Wn.2d 315, 320, 347 P.2d 830 (1959), the court, albeit in dicta, distinguished the former securities act, RCW 21.04, from the real estate brokers' statute, with respect to isolated transactions, stating:

> [The real estate brokers' licensing act] was held to disallow suits for collection of commissions where no license had been obtained even in the case of an occasional dealer. . . . It defines a real–estate broker as one who "engages in" real–estate dealings, as opposed to the phrase "engaging in the business" in the [security act]. The former phrase is far more susceptible of application to a person who has engaged in a single transaction. Furthermore, RCW 18.85.100 specifically provides:
>
> "No suit or action shall be brought for the collection of compensation as a real estate broker . . . without alleging and proving that the plaintiff was a duly licensed real estate broker . . . at the time the alleged cause of action

arose."
A comparable provision is absent in [the security act].
We find no authority in the decisions interpreting the *real–estate brokers' licensing act, since that act specifically applies to those engaged in isolated transactions.*
(Italics ours.) The interpretation of the real estate brokers' act expressed in this decision was approved in *Schmitt v. Coad, supra. See also Kilthau v. Covelli,* 17 Wn. App. 460, 563 P.2d 1305, *review denied,* 89 Wn.2d 1010 (1977). Consequently, we conclude the real estate brokers' act does apply to isolated transactions.

Further, Mr. Springer contends his activity is exempt under the former RCW 18.85.110 (Laws of 1972, 1st Ex. Sess., ch. 139, § 10):

This chapter shall not apply to (1) any person who purchases property and/or a business opportunity for his own account, or who, as the owner of property, and/or a business opportunity, in any way disposes of the same;
. . .

He argues he is exempt under this section for two reasons. First, he was one of the persons in the group of prospective purchasers. This reason fails because the complaint does not allege he was a purchaser or member of the purchasing group.

Second, Mr. Springer contends that since he was an employee[1] of Rosauer, the owner of the property, at the

---

[1]Mr. Springer cites several cases from other jurisdictions, claiming they support his position. We disagree. In *Strumpf v. State,* 31 Ala. App. 409, 18 So. 2d 104 (1944), the plaintiff was not only a regular employee of the owner of the property, but was also selling the property in the regular course of business as an employee and not entitled to a commission. *Palkoski v. Garcia,* 19 N.J. 175, 115 A.2d 539 (1955), involved a factual pattern similar to the present case. Palkoski claimed he was an employee and therefore had a legally enforceable right to commissions even though he was not a licensed real estate broker. The New Jersey court held he was a broker and, therefore, prohibited by statute from recovery of commission. In *Black Forest Realty & Inv. Co. v. Clarke,* 86 Colo. 454, 282 P. 878 (1929), Clarke was employed for the purpose of supervising the sale of lots owned by the employer. The Colorado court held Clarke was an employee, and not a broker within the meaning of the Colorado statute. In *Manufacturer's Nat'l Bank v. Hartmeister,* 411 F.2d 173 (10th Cir. 1969), Hartmeister's duties were (1) ensuring the property was presentable for sale; (2) arranging for repairs; (3) mow-

time he was seeking a purchaser for the stock, he is within the exemption. As the trial judge noted, Mr. Springer alleged two distinct responsibilities for two distinct compensations: He was president and chief executive officer of Rosauer's Super Markets, Inc., with an annual salary of $60,000; and he was requested to find a purchaser for the stock of Rosauer's Super Markets, Inc., for alleged additional compensation. In *Kilthau v. Covelli, supra,* Covelli not only found wholesale buyers for Kilthau's corn, but also helped with the picking, hauling and delivery of the corn. This court allowed Covelli to recover the reasonable value of his services for hauling, picking and delivering, but denied recovery of a commission for finding a buyer because he was not licensed as required by statute, *Kilthau v. Covelli, supra* at 463. The same is true here. Although Mr. Springer is entitled to his salary as president of Rosauer's, he is not entitled to a commission for finding potential purchasers of the stock because he was not licensed as required by statute.

Next, Mr. Springer contends even if recovery is barred by the real estate brokers' statute, he should be entitled to recover on equitable grounds, *e.g.,* quantum meruit, quasi contract, and unjust enrichment. We disagree. A contract which is contrary to the terms and policy of a statute is illegal and unenforceable. *Vedder v. Spellman,* 78 Wn.2d 834, 480 P.2d 207 (1971); *St. John Farms, Inc. v. D.J. Irvin Co.,* 25 Wn. App. 802, 609 P.2d 970, *review denied,* 94 Wn.2d 1002 (1980).

Finally, Mr. Springer's contention the complaint alleged sufficient facts to support a claim for the tort of outrage must be rejected. The complaint alleged:

---

ing the lawn; and (4) contacting tenants when rent was not properly paid. Since Hartmeister was not engaged in the sale of property, the court found he was not a broker. Here, Springer alleges in his complaint he was to find a purchaser for the stock, a duty quite different from Hartmeister's.

Defendant's conduct in inducing plaintiff to perform the services indicated; in abruptly rejecting the offer; in refusing to negotiate; and in terminating plaintiff's employment under the circumstances was unreasonable, outrageous and beyond the bounds of human decency, all of which makes defendants liable under the common law tort of outrage.

. . .

As a direct and proximate result of defendants' unreasonable and outrageous conduct, plaintiff sustained and continues to sustain emotional distress, mental suffering, humiliation, embarrassment and injury to his personal and business reputation, all to plaintiff's damage in the amount of $2,000,000.

In *Grimsby v. Samson*, 85 Wn.2d 52, 530 P.2d 291, 77 A.L.R.3d 436 (1975), the court approved Restatement (Second) of Torts § 46 (1965), which states:

(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

*Grimsby* stated:

Liability exists "only where the conduct has been *so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.*" (Italics ours.)

*Grimsby v. Samson, supra* at 59, quoting Restatement (Second) of Torts § 46, comment *d*. Ordinarily, the question of whether certain conduct is sufficiently outrageous is for the jury; however, the court must determine in the first instance whether reasonable minds could differ on the question. *Phillips v. Hardwick*, 29 Wn. App. 382, 628 P.2d 506 (1981); *Jackson v. Peoples Fed. Credit Union*, 25 Wn. App. 81, 604 P.2d 1025 (1979); *Bowe v. Eaton*, 17 Wn. App. 840, 565 P.2d 826 (1977). In making this initial determination, the court must consider

(a) the position occupied by the defendant; (b) whether plaintiff was peculiarly susceptible to emotional distress, and if defendant knew this fact; (c) whether defendant's conduct may have been privileged under the circumstances; (d) the degree of emotional distress caused by a party must be severe as opposed to constituting mere annoyance, inconvenience or the embarrassment which normally occur in a confrontation of the parties; and, (e) the actor must be aware that there is a high probability that his conduct will cause severe emotional distress and he must proceed in a conscious disregard of it. Restatement (Second) of Torts § 46, comments *e, f,* and *g.*

*Phillips v. Hardwick, supra* at 388.

■ Here, Mr. Springer alleged that Mr. Rosauer's conduct in rejecting the offer of the prospective purchasers and in refusing to negotiate with them is outrageous and beyond the bounds of human decency. We disagree. This allegation is insufficient to support his claim. Mr. Rosauer was not required to accept the offer, or even negotiate with the offeror. *Harding v. Warren,* 30 Wn. App. 848, 853–54, 639 P.2d 750 (1982). There are no allegations of any initial agreement between Messrs. Springer and Rosauer concerning the price or terms on which Mr. Rosauer would be willing to sell the stock.

■ As to the claimed damages for termination, it is well recognized an employer has the right to discharge an employee with or without cause in the absence of a contract for a specific period of time. *Roberts v. Atlantic Richfield Co.,* 88 Wn.2d 887, 891, 568 P.2d 764 (1977); *Webster v. Schauble,* 65 Wn.2d 849, 400 P.2d 292 (1965). The complaint alleged the position was without tenure.

■ We, therefore, find Mr. Rosauer's conduct privileged and could not be regarded as atrocious and utterly intolerable in a civilized community. The court did not err in determining the complaint failed to allege sufficient facts to entitle Mr. Springer to recover for the tort of outrage.

Affirmed.

McINTURFF, C.J., and MUNSON, J., concur.

Reconsideration denied April 20, 1982.

Review denied by Supreme Court June 30, 1982.